[L. A. No. 12673. In Bank.—June 30, 1931.]

BERT L. IRVING, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Will H. Anderson and Edward J. Cotter for Petitioner.

P. E. Keeler and Philbrick McCoy for Respondent.

THE COURT.—This is a proceeding to review an order of the Board of Governors of The State Bar of California recommending that the petitioner be suspended from the practice of law in this state for a period of one year.

The evidence upon which the sentence of suspension was based is similar to that in *Howe* v. *State Bar,* 212 Cal. 222 [298 Pac. 25], decided April 1st of this year, in which the recommendation that Howe be suspended for a period of two years was followed by this court. Both Howe and petitioner were connected with the West Coast Claims Bureau, under which fictitious name one M. B. Rose conducted a business for the settlement of claims for personal injuries on behalf of injured persons against defendants who carried liability insurance, which practice is commonly known as "ambulance chasing". Howe was connected with the San Francisco branch of the bureau, petitioner with the Los Angeles office. Petitioner testified to re-

ceiving a percentage of the fee paid the bureau in some cases, while Howe stated upon his hearing that he was always paid a fixed sum for his services. Petitioner's connection with the bureau began in June, 1928, and continued to the time the present charges were filed against him in January, 1930. During that time petitioner was employed by the bureau in the majority of, if not in all, cases in the Los Angeles office in which the owner of the bureau deemed the services of an attorney necessary. For a complete statement of the agency's method of doing business and the capacity in which petitioner and Howe were employed by it, reference is hereby made to the statement of facts in the Howe case, which we deem it unnecessary to repeat in the case herein.

On January 27, 1930, four verified complaints were filed against petitioner by the Los Angeles Bar Association, each charging a violation of rule III of the Rules of Professional Conduct adopted by The State Bar in regard to four separate claims for personal injuries. At the conclusion of the hearings held upon said complaints, the committee granted permission to its examiner to amend said complaints to conform to proof by charging that petitioner's conduct also violated rule X of the Rules of Professional Conduct and subdivisions 3 and 4 of section 287, Code of Civil Procedure, but the amendments were never made.

On May 13, 1930, after the hearings on the four complaints had been concluded, a notice to show cause was issued by the local administrative committee which charged petitioner with violations of rules II, III and X of the Rules of Professional Conduct, and subdivisions 3 and 4 of section 287 of the Code of Civil Procedure, in connection with 162 cases, naming them, filed by petitioner in the Superior Court of the County of Los Angeles. Said proceeding was consolidated by stipulation and order with the proceedings initiated by the four complaints previously filed. No additional evidence was taken, but it was stipulated that all but two of the cases listed in the said notice arose out of the activities of M. B. Rose and his associates and were solicited cases, and were handled by the accused as attorney for the plaintiff because of his arrangements to that end with said M. B. Rose.

The local committee concluded that petitioner was guilty of violations of rules III and X and subdivision 4 of section 287 of the Code of Civil Procedure, in all proceedings and guilty of violations of subdivision 3 of said section in two of the proceedings initiated by complaint and in the proceeding commenced by the notice to show cause. It recommended disbarment. The Board of Governors of The State Bar adopted the findings of the local administrative committee except the finding that the accused employed other persons to solicit professional employment for him, and recommended suspension for one year.

Petitioner urges the same reasons for the invalidity of his sentence of suspension as were urged in the Howe case, *supra*. One of the attorneys for petitioner herein appeared on behalf of Howe, and the briefs in the two cases are largely counterparts so far as the argument on questions of law is concerned. By the decision in the Howe case it is settled that rule III is constitutional, and that petitioner's conduct violated subdivision 4, section 287 of the Code of Civil Procedure, and that part of rule III which provides that no member of the bar shall directly or indirectly ''share with an unlicensed person compensation arising out of or incidental to professional employment, nor shall he directly or indirectly aid or abet an unlicensed person to practice law or to receive compensation therefrom; nor shall he knowingly accept professional employment on behalf of a claimant in a personal injury or death case offered to him as a result of or as an incident to the activities of an unlicensed person who for compensation controls, directs or influences such employment''. (See, also, *Smith* v. *The State Bar*, 211 Cal. 249 [73 A. L. R. 393, 294 Pac. 1057]; *Shaw* v. *The State Bar*, 212 Cal. 52 [297 Pac. 532]; *Smallberg* v. *The State Bar*, 212 Cal. 113 [297 Pac. 916].) To here repeat our reasoning in the Howe case and other cited cases would serve no purpose. ■ The stipulation made in the case initiated by notice to show cause will sustain the finding as to a violation of said rule in that case.

Petitioner's objection that neither The State Bar nor this court had jurisdiction of the proceeding initiated by the notice to show cause is answered by *Herron* v. *State Bar*, 212 Cal. 196 [298 Pac. 474].

■ The finding that petitioner violated rule X and subdivisions 3 and 4, section 287 of the Code of Civil Procedure cannot be sustained in the proceedings initiated by verified complaints for the reason that said complaints charge only a violation of rule III. Although the committee's examiner, at the conclusion of the hearings, secured leave to amend to conform to proof, no amendments in fact were made, and the findings must rest on the charges filed.

■ In the proceeding commenced by notice to show cause, a violation of rule X is charged, but the finding as to said violation cannot be sustained for the reason that the stipulation made is not broad enough, in the absence of other evidence, to support such a finding. We are further of the view that petitioner cannot be said to have violated said rule in those cases where the complaint in the personal injury suit was signed and verified in his presence and he was expressly or impliedly directed to file it.

■ Petitioner's violation of rule III justifies the sentence of suspension for one year. This is the period for which the petitioners were suspended for similar infractions in *Shaw* v. *The State Bar, supra,* and *Smallberg* v. *The State Bar, supra.* In the Howe case petitioner was suspended for two years, but he was shown to have been lacking in good faith in falsely representing that he had severed his connection with the claims bureau upon the filing of charges against him, when in fact he went from the San Francisco office to the Los Angeles office and there continued his operations.

It is therefore ordered that petitioner be suspended from practice as an attorney and counselor at law of this state for a period of one year from and after the filing of this order.