[L. A. No. 12996. In Bank.—July 21, 1931.]

JOHN F. DAHL, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

John F. Dahl, *in pro. per.*, for Petitioner.

Philbrick McCoy for Respondent.

THE COURT.—Proceeding to renew an order of the board of governors of The State Bar of California recommending that petitioner be suspended from the practice of law in this state for a period of six months.

The local administrative committee for the county of Los Angeles, after a hearing upon charges duly preferred against petitioner, found him guilty of violation of rule 3 of the Rules of Professional Conduct of The State Bar of California, which provides among other things, that a member "shall not employ another to solicit or obtain, or remunerate another for soliciting or obtaining, professional employment for him; nor shall he directly or indirectly share with an unlicensed person compensation arising out of or incidental to professional employment". Said committee recommended that petitioner be suspended from practice for such period as the board of governors should deem meet and proper in the premises. Petitioner failed to appear before said board and after a consideration of his case, they recommended a six months' period of suspension. Petitioner thereupon instituted this proceeding to review such action.

The evidence is without conflict. It shows unquestionably a violation of said rule by petitioner and supports the findings in every respect. Petitioner, who is about sixty-two years of age, practiced law in Minnesota for many years, but was admitted to practice in this state only three years prior to this investigation. He represented some sixty cases filed in the Los Angeles County Superior Court

in which he did not know the plaintiffs until they were brought to him by so-called adjusters and he accepted said cases on a contingent fee basis, usually twenty per cent to him and twenty per cent to the adjuster or one-third to each of them.

Citing his excellent record and reputation, petitioner pleads that he accepted said employment in good faith in the belief that he had made personal contracts with the various plaintiffs and he seeks to distinguish his conduct from that of other members of the bar disciplined for similar infractions (*Townsend* v. *The State Bar,* 210 Cal. 362 [291 Pac. 837]; *Shaw* v. *The State Bar,* 212 Cal. 52 [297 Pac. 532]; *Smallberg* v. *The State Bar,* 212 Cal. 113 [297 Pac. 916]; *Howe* v. *The State Bar,* 212 Cal. 222 [298 Pac. 25]; *Irving* v. *The State Bar, ante,* p. 81 [1 Pac. (2d) 2]), in that in said cases it appears either that the real client of the attorney was the adjuster or there was no direct employment or contact between the injured party and the attorney. Petitioner testifies that in each instance he made a distinct contract with the claimant and made it clear to both adjusters and claimants that their claims and any ensuing litigation would be entirely in his charge and under his control, he being personally directly responsible to the claimant and not to the adjuster. Petitioner confessed complete ignorance of recent efforts to cure "ambulance chasing", which he had long recognized as wrong, and offered as an excuse for taking the business, his feeling that the cases were bound to go somewhere and he believed he could give good and competent service in accepting only such cases as he believed to be meritorious.

Confirming the position of the board of governors that all these circumstances in mitigation of petitioner's offense were considered before their recommendation was made, is the fact that in not one of the cited cases was so brief a period of suspension as six months imposed. Those cases reveal the severity of this evil biting at the heels of honest practice and the seriousness of the offenses springing from it. We are therefore satisfied with the recommendation made in this instance by The State Bar.

It is ordered that the petitioner herein, John F. Dahl, be and he is hereby suspended from the practice of law in this state for the period of six months beginning on the tenth day from and after filing of this order.