[L. A. No. 13038. In Bank.—November 2, 1931.]

W. E. DUDNEY, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

William E. Dudney, *in pro. per.*, for Petitioner.

Robert B. Jackson and Philbrick McCoy for Respondent.

PRESTON, J.—Proceeding to review an order of the Board of Governors of The State Bar of California recommending that petitioner be suspended from the practice of law in this state for a period of six months.

The local administrative committee, after a hearing upon charges duly preferred against petitioner, found him guilty of violation of rules 2, 3 and 10 of the Rules of Professional Conduct of The State Bar of California and of subdivisions 3 and 4 of section 287 of the Code of Civil Procedure. As the evidence shows unquestionably and without conflict a

violation of said rules and statute by petitioner and supports the findings in every respect, it will not be reviewed here. It is sufficient to say that petitioner entered the employ of one Schultz who, through two fictitiously named adjustment organizations, was engaged in the business familiarly characterized as "ambulance chasing", and petitioner's misconduct occurred in connection with the handling of some seventy-nine actions for personal injuries wherein he appeared as attorney of record for the plaintiffs. Many similar infractions have been recently passed upon by this court. (*Townsend* v. *State Bar*, 210 Cal. 362 [291 Pac. 837], *Smith* v. *State Bar*, 211 Cal. 249 [73 A. L. R. 393, 294 Pac. 1057], *Shaw* v. *State Bar*, 212 Cal. 52 [297 Pac. 532], *Smallberg* v. *State Bar*, 212 Cal. 113 [297 Pac. 916], *Howe* v. *State Bar*, 212 Cal. 222 [298 Pac. 25], *Irving* v. *State Bar*, 213 Cal. 81 [1 Pac. (2d) 2], and *Dahl* v. *State Bar*, 213 Cal. 160 [1 Pac. (2d) 977].)

The local administrative committee continued its hearing of the matter over a period of several months at the termination of which time petitioner reported that he had given substitutions of attorney in all of said cases except two, and that he was endeavoring to effect substitutions in them also. The committee thereupon made its findings as aforesaid and recommended that petitioner be given a public reprimand only. Thereafter, however, petitioner failed to exercise the privilege given him of appearing before the Board of Governors for oral argument to show why his punishment should not be increased and that body therefore recommended a punishment of six months' suspension.

Petitioner's plea is directed mainly toward avoiding an order of suspension by this court. He cites his voluntary cessation of activity in the cases complained of, his utter good faith at all times and his belief that his violation of the rules, if any, was unintentional and merely technical. He further suggests that the Rules of Professional Conduct are "based primarily upon whether or not a violation of the rule complained of involves an act of moral turpitude", contending that if moral turpitude is involved, then suspension should not be complained of but to suspend an attorney upon a technical violation seems unjust.

To our mind the record shows that petitioner's misconduct consisted of more than a technical violation of said rules

and statute. The cases cited by him are not in point, being either from outside jurisdictions or from this court prior to passage of the State Bar Act. ■ Furthermore, misconduct in reference to one's duties and obligations as an attorney—conduct contrary to justice, honesty, modesty or good morals—constitutes moral turpitude. (*Marsh* v. *State Bar*, 210 Cal. 303, 307 [291 Pac. 583], and cases therein cited.) Whether or not a violation of the Rules of Professional Conduct involves any or all of these elements or is merely characterized as unethical, such violation may be penalized, as is well established by the recent cases hereinabove cited and by other decisions of this court.

In view of petitioner's youth and inexperience and other mitigating circumstances, however, we are inclined to lend ear to his plea for leniency. Petitioner testified that he was twenty-five years of age, admitted to practice April 4, 1929. But seven months later, to wit, on November 11, 1929, he first accepted employment from said Schultz and this proceeding was instituted shortly thereafter—in June, 1930. Petitioner earnestly insisted that any misconduct on his part was unintentional and he made a distinct effort toward effecting a speedy termination of the activities complained of.

■ We are of the opinion that the recommendation of a penalty of suspension for the period of six months, made by the Board of Governors, was too severe in this case and we, therefore, accept in lieu of said recommendation, the recommendation of the local administrative committee that petitioner, W. E. Dudney, be given a public reprimand only, and this opinion shall constitute such a reprimand.

Langdon, J., Curtis, J., Shenk, J., Richards, J., Seawell, J., and Waste, C. J., concurred.