### In re KELLEY.

No. 24193.   Dec. 5, 1933.

Rehearing Denied Jan. 9, 1934.

Frank Ertell, for respondent, A. Walter Kelley.

John H. Cantrell, J. H. Everest, and Wade H. Loofbourrow, for State Bar of Oklahoma.

McNEILL, J.   This proceeding was instituted to review an order of the Board of Governors recommending to this court that A. Walter Kelley, a member of the State Bar of this state, referred to as respondent herein, be disbarred from the practice of law in this state.

It appears that respondent was charged under five distinct counts instituted before the administrative committee of section 2 of the State Bar of Oklahoma; that such administrative committee found that charge No. 2 was not sustained by the evidence and dismissed the complaint as to charge No. 5; that respondent was tried and convicted under charges Nos. 1, 3, and 4 of the complaint.

After a hearing the local administrative committee made its report to the State Bar, wherein the committee recommended that respondent be disbarred from the practice of law in the courts of the state of Oklahoma. This report was adopted on July 27, 1932, and filed by the State Bar August 1, 1932. Respondent filed his exceptions with the State Bar to the report of the state administrative committee. The matter came on for hearing before the Board of Governors of the State Bar of Oklahoma; and said Board of Governors made their findings of fact and conclusions of law recommending to this court the disbarment of said respondent. Respondent thereafter, on October 27, 1932, filed in this court his petition to review the action of said Board of Governors.

The charge No. 1 is based upon the conduct of respondent as an attorney for Ervie Snodgrass, whom he represented in the matter of the estate of Stephen A. D. Hicks in the county court of Rogers county, Okla. Under that charge, complaint was made that said respondent, being the attorney for said Ervie Snodgrass, a daughter of said Hicks, whose estate was in the process of administration in the county court of Rogers county, was guilty of misconduct in concealing facts from his client whereby she sold her interest in said estate for the sum of $175, when the value of her distributive share amounted to

$472.52. It appears that at the time of said sale said respondent accompanied one Chas. W. Hardy to the home of his client and advised her and represented to her that the estate of her father had not been settled; that it might not be settled for some months to come, and that there was possibility that judgment creditors presenting claims against said estate would consume said estate in the payment of said claims. These representations were made to his client on October 2, 1928. It also appears that prior thereto said respondent had received from Mr. C. B. Holtzendorf, administrator of the estate of said deceased, a check on or about September 28, 1928, in the sum of $452.52, representing the distributive share of said complainant, and that said respondent had received said check from said administrator as attorney for said Ervie Snodgrass and received payment therefor on September 29, 1928, upon presentation of same to the Bank of Commerce of Claremore, Okla. It also appears that said respondent did not notify the said Ervie Snodgrass of the receipt of said check, or the money received therefrom. Under such facts, it stands unescapable that said respondent was guilty of derelictions in his duty as attorney and counselor for his client. He stood idly by and permitted his client to part with her interest in the estate for $175. He could not serve his client and a close intimate friend, as revealed by the record, to wit, Chas. W. Hardy, who was indebted to respondent.

In the case of Cunningham v. Jones, 15 P. 572, the Supreme Court of Kansas said:

"Public policy demands that there should be no temptation on the part of anyone occupying the important relation of an attorney to make private gain out of the subject-matter of his professional employment."

In the case of Dudney v. State Bar (Cal.) 4 P. (2d) 770, the Supreme Court of California said:

"Misconduct in reference to one's duties and obligation as an attorney—conduct contrary to justice, honesty, modesty, or good morals—constitutes 'moral turpitude'."

The act of respondent violated the confidence reposed in him by his client, whom he was charged to represent with the utmost fidelity. His professional duty required him to make a full and complete disclosure to his client of the circumstances affecting the sale of her interest in her father's estate at the time she was making the sale to Chas. W. Hardy, under the facts and circumstances revealed by this record.

Charge No. 3 grows out of an attorney fee whereby respondent obtained possession of a check and without authority signed the name of another to such check and the misappropriation of the proceeds therefrom. We do not consider this charge.

Charge No. 4 is in relation to signing a waiver of summons by him for his wife without her knowledge or consent. It appears that the Moore Investment Company had instituted a foreclosure proceeding against respondent and his wife. Judgment was eventually rendered in said case, and an order of sale was issued and the premises sold. Objections were urged to the confirmation of the sale on the theory that no valid waiver had been obtained on the wife of respondent in the action. Respondent admitted that he had no authority to appear for his wife in the action. In this he perpetrated a fraud on the district court wherein the action was pending. He not only misled the attorney for the investment company, but such conduct was in strict violation of the third paragraph of secton 4201 of the 1931 Oklahoma Statutes, relating to the duty of an attorney, to wit:

"Third: To employ for the purpose of maintaining the causes confided to him such means only as are consistent with truth, and never to seek to mislead the judges by any artifice or false statement of facts of law."

In the case of People ex rel.. Attorney General v. Beattie, 137 Ill. 553, 574, 31 Am. St. Rep. 384, 27 N. E. 1096, the Supreme Court of Illinois said:

"The lawyer's duty is of a double character; he owes to his client the duty of fidelity, but he also owes the duty of good faith and honorable dealing to the judicial tribunals before whom he practices his profession He is an officer of the court— a minister in the temple of justice. His high vocation is to correctly inform the court upon the law and the facts of the case, and to aid it in doing justice and arriving at correct conclusions. He violates his oath of office when he resorts to deception, or permits his clients to do so. He is under no obligations to seek to obtain, for those whom he represents, that which is forbidden by the law."

It is also urged on behalf of respondent that the proceedings were instituted against him through motives of personal animosity, and that he was not tried in good faith,

but through the spirit of revenge. On this question the Supreme Court of Illinois said, in the case of People ex rel. Hirschi, State's Attorney, v. Payson, 215 Ill. 476, 74 N. E. 383, as follows:

"Respondent further urges that the persons who have been wronged by his conduct are not relators here; that the matters involved are purely private matters, and are not of such public concern as requires this court to consider them upon the relation of the state's attorney. In this, respondent is in error. Respondent's license to practice law constitutes him an officer of the court. So, too, are all other attorneys enrolled in this court. Their acts in the line of their profession are from authority of this court and as its officers, and if they be blameworthy, they bring discredit not alone upon the profession, but upon the court. The relation of the court and its attorneys to the people is one of high responsibility, and involves on the one hand absolute trust and confidence, and on the other absolute fidelity and honesty. In maintaining such a standard, both the court and the people are interested. People v. Palmer, 61 Ill. 255. This information is upon the relation of an officer of the law, an officer of this court. and presented by the Attorney General, the highest law officer of the state. The proceeding is not one for the adjudgment of private grievances, but is to prevent the continuation of public wrong and public wrongdoing.

"It is also urged forcibly and earnestly by respondent that there are persons active in the prosecution of this cause who are animated by personal spite and a desire for revenge against respondent. * * *

"It is a matter of little consequence what motive prompted the bringing of the charges if they be true."

As we view this record, the findings of the Board of Governors are not against the clear weight of the evidence. These findings are entitled to weighty consideration. We have weighed the evidence. Much more might be said against the contentions of respondent, but, as we view the facts and circumstances presented by this record, we are of the opinion that respondent should be, and he is hereby, disbarred from the practice of law in this state.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL and OSBORN, JJ. concur. ANDREWS, BAYLESS, B U S B Y, and WELCH, JJ., absent.