No. 82-18

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

JON LLEWELLYN BOLICH,

Petitioner and Appellant,

vs.

BARBARA KAY BOLICH,

Respondent and Respondent.

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula
Honorable James Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

Theodore P. Cowan, Missoula, Montana

For Respondent:

Datsopolous, MacDonald & Lind, Missoula, Montana

Submitted on briefs: April 22, 1982

Decided: July 6, 1982

Filed: JUL 6 - 1982

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Husband petitioned for dissolution of marriage in the Missoula County District Court. The marriage was dissolved by decree and remaining issues were set for trial. Husband appeared on the date of trial without counsel and requested a continuance. Continuance was denied and trial was held without counsel representing Husband. Husband's motion for new trial was denied. We affirm the District Court.

Husband and Wife were married April 3, 1976; one child was born of the marriage. Husband filed for dissolution of the marriage on February 27, 1980. Following a child custody hearing on March 13, 1980, custody of the child was awarded to Wife. On January 28, 1981, the District Court issued a decree terminating the marriage and reserving other issues for trial. Trial was then set for May 11, 1981. Both Husband and Wife and their respective counsel had extended notice of the trial date. On May 11, 1981, Wife appeared with her counsel, ready for trial. Husband appeared without his counsel and requested a continuance. An extended dialogue took place between Husband, the court and counsel for Wife. Counsel for Wife explained that he understood an agreement had been reached over the telephone with Husband's counsel as to the provisions to be inserted in the decree regarding property settlement and child custody. Husband denied that such an agreement had been reached. Husband further indicated that he had been looking for another attorney. The court pointed out that no trial date was available prior to December, which would have necessitated a delay of more than seven months. The court considered the nature of the case and the lack of court approval for the absence of Husband's attorney,

and denied the request for a continuance. The court heard testimony on the part of both Wife and Husband and considered other evidence. The transcript indicates that the District Judge was scrupulously careful to protect the rights of Husband. He allowed Husband to cross-examine to the extent he desired. In addition, the District Judge asked many questions of both Husband and Wife in order to be certain that all of the facts were before the court. A careful review of the transcript does not disclose any areas in which Husband was prejudiced by the absence of his counsel. While this fact is not directly relevant, we note that the record shows that the attorney for Husband was found to be in contempt of court for his failure to appear at the May 11, 1981, trial and was fined. Husband's present counsel on appeal is a different attorney.

The issues before the Court are:

(1) Did the District Court err in not granting Husband a continuance in order that he might obtain the services of an attorney to represent him at trial?

(2) Did the District Court err in awarding a disproportionately greater share of the marital property to Wife?

The continuance of a trial because of the absence of evidence is controlled by section 25-4-501, MCA:

> "A motion to postpone a trial on grounds of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to procure it."

Following the trial, the District Court intentionally waited several months in order to grant Husband and his attorney an opportunity to present any additional evidence or file any motions. The District Court then entered the decree from which the appeal is taken. The record does not show that

-3-

Husband contended additional evidence could have been presented at the time of trial had he been represented by counsel. In addition, the record does not disclose any indication subsequent to trial of evidence which Husband contended should have been allowed at the time of trial and which would have been material to the determination of the issues. We recognize that Husband may not have understood the procedure set forth in the above section under which he was required to file an affidavit. As previously indicated, we therefore carefully reviewed the transcript. We do not find any indication in the transcript of the absence of evidence which could have been helpful to Husband. In fact, the District Court did an excellent job of making certain that all of the evidence was properly before it, asking many questions of both Wife and Husband. In addition, the record discloses that there are no complex issues of fact. This is a case in which a modest amount of property was involved and in which the evidence of earnings and debts was not complicated. The record indicates that all of the evidence available to the parties in these areas was properly before the District Court.

A continuance also may be granted by a trial court on grounds other than absence of evidence. Section 25-4-503, MCA (1979), the section in effect at the time of trial, stated:

> "Upon terms the court may, in its discretion, upon good cause shown and in furtherance of justice, postpone a trial or proceeding upon other grounds than the absence of evidence."

As previously mentioned, the record fails to disclose any good cause for a postponement. There is no indication in the record of a benefit to be gained to Husband by a postponement. Similarly, there is nothing of record to indicate that a continuance which would have resulted in a seven month delay

was in furtherance of justice so far as Husband is concerned.

In our review of this matter of continuance, we are also required to keep in mind the provisions of our Montana Constitution which, in pertinent part, states in Article II, Section 16:

> "Right and justice shall be administered without sale, denial _or_ _delay_." (Underscoring added.)

As above stated, nearly 15 months had passed from the date of Husband's filing a petition for dissolution to the date of trial. This was a relatively simple marriage dissolution case. Justice would not have been furthered if a delay of seven additional months had taken place in order to have the matter heard in December. To have granted such a delay under the facts of this case would clearly have been a denial of justice to Wife.

The denial of a motion for continuance is a matter addressed to the sound discretion of the District Court. As stated by this Court in State v. Harvey (1979), _____ Mont. _____, 603 P.2d 661, 666, 36 St.Rep. 2035, 2040:

> "The denial of a motion for a continuance is within the sound discretion of the District Court and it is not error to deny such a motion unless a clear abuse of discretion is shown. (Case cited.)"

We find a complete absence of abuse of discretion on the part of the District Court and affirm the denial of a continuance by the District Court.

In his second issue, Husband contends that the District Court improperly gave an excessive or disproportionate amount of property to Wife. We have carefully reviewed the transcript in this regard as well. We find there is ample evidence to support the conclusions of the District Court. There are no areas in which Husband has pointed out a failure

-5-

to consider evidence actually before the court.

The standard for reviewing a property distribution has been set forth by this Court in Creon v. Creon (1981), ____ Mont. ____, 635 P.2d 1308, 1309, 38 St.Rep. 1928, 1930, as follows:

> "In determining whether the trial court abused its discretion, the reviewing court does not substitute its judgment for that of the trial court. The standard for review is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. (Cases cited.)"

We find substantial evidence to support the holding of the District Court and also find that the court acted with conscientious judgment and that there has been no injustice to Husband.

We affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-6-