No. 81-444

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

IN RE THE MARRIAGE OF

JOANN D. CRABTREE,

      Petitioner and Appellant,

  -vs-

GEORGE LEROY CRABTREE,

      Respondent and Respondent.

Appeal from:  District Court of the First Judicial District,
In and for the County of Lewis & Clark, The Honorable
Gordon R. Bennett, Judge presiding.

Counsel of Record:

     For Appellant:

          Michael T. McCabe; Skedd, Ashley, McCabe &
Weingartner, Helena, Montana

     For Respondent:

          Greg Jackson, Helena, Montana

Submitted on Briefs:  June 17, 1982

Decided:  September 3, 1982

Filed:  SEP - 3 1982

_Thomas J. Kasney_
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

This is an appeal from an amended dissolution decree entered September 30, 1981, in the District Court of the First Judicial District, Lewis and Clark County, Montana. Appellant takes issue with the court's determination of the marital estate, the court's division of the marital property and the court's award of child support to the respondent.

The parties were married September 2, 1961, in Billings, Montana. Appellant left the family home June 2, 1978. She filed a petition for dissolution June 16, 1978. Following a hearing on October 14, 1980, the court, on March 13, 1981, issued findings of fact, conclusions of law and a decree dissolving the marriage. Alleging changes in circumstance, appellant filed a motion to amend and motion for a new trial April 13, 1981. The court then issued the amended judgment of September 30, 1981.

Appellant worked all but two years of her married life. Her income was used to pay babysitters and to purchase groceries and household items. At the time of the dissolution, appellant's net income was approximately $650 a month while her monthly expenses were $600.

Respondent also consistently worked during the marriage until suffering a stroke in June of 1977. Since then, he has been receiving social security benefits and disability income from his former employer, Xerox. At the time of the dissolution, respondent was receiving $1,100 a month tax-free. He submitted evidence of his monthly expenses being $1,328.

Findings of the District Court indicate that appellant was 41 years of age at the time of the dissolution, in good

- 2 -

health and regularly employed by the State of Montana, with excellent future employment opportunities. Respondent was 45 years of age, in poor health due to his stroke and unemployed, with a limited chance of future employment.

Two children were born of the marriage, Kevin George Crabtree on July 2, 1963 and Jodee Lou Crabtree on April 27, 1964. They were 14 years old when the parties separated, 18 and 17 years of age at the time of the amended decree of dissolution and are now 19 and 18. Both children work. They spend their earnings as they please, primarily on cars and horses. The earnings are not used for their support by respondent, the uncontested custodian of the children.

The marital estate of the parties and its worth were stipulated to by the parties, with several exceptions. A major exception relevant to this appeal is lots 18, 19 and 20, Deer Park Hauser Summer Home Area, Lewis and Clark County, Montana. Respondent deeded those properties to his children June 5 and 6, 1978. He contends he did so to insure the future security of his children in the event of his death. Appellant contends respondent conveyed the lots to prevent her from receiving any portion of them as her share of the marital estate.

Respondent testified at the hearing that he initiated the conveyances in the fall of 1977 as a direct result of his stroke. The conveyances coincidently were completed June 5 and 6, 1978, immediately following appellant's departure. He also testified that although marital discord had existed for a great deal of time, he was unaware his wife's departure on June 2, 1978, was a permanent one and further unaware of any intent of his wife to divorce him until the petition was filed June 16, 1978.

Appellant testified that upon leaving the home June 2, she wrote respondent a note stating only that she would be working in Glasgow for the summer. She contends that although respondent was not explicitly told the departure was permanent, respondent was aware a divorce was imminent. Therefore, since the lots were conveyed subsequent to her departure, appellant contends they were fraudulently conveyed to deplete the marital estate.

The distribution of several items of personal property is also in dispute. At the hearing, the judge inquired of appellant whether she needed several of the articles in dispute. She responded negatively. He then requested her to indicate which of the articles she did need. Those articles were awarded her.

Finally, the court determined that appellant should be responsible for child support in the amount of $125 per month per child. Testimony was received indicating that appellant's monthly income surpassed her monthly expenses by only $50. Therefore, the child support award was deducted from appellant's share of the marital assets. The support award covered the period from the 1978 separation of the parties until each child reached the age of 18 or was graduated from high school.

Appellant presents us with three issues for our review.

(1) Did the District Court err when it failed to include in the marital estate three lots on Hauser Lake deeded the children by respondent subsequent to the separation of the parties?

(2) Was the District Court's division of the marital property arbitrary and capricious?

(3) Was the child support award contrary to the provisions of section 40-4-204, MCA, and not supported by substantial evidence?

Absent a determination that the District Court's holdings are clearly erroneous and an abuse of the court's discretion, we will affirm. Tefft v. Tefft (1981), ____ Mont. _____, 628 P.2d 1094, 38 St.Rep. 837. There is substantial credible evidence to support the District Court. Therefore, we find the court exercised conscientious judgment in this case and affirm its decision.

There is substantial evidence to support the determination that the transfer by respondent to his children of lake property valued at $32,500 was not a fraudulent conveyance. Testimony presented at trial by respondent and the children indicated that the conveyance was made to insure the financial security of the children in the event of respondent's death. Other testimony indicated that respondent was unaware of the impending divorce when he transferred the property. Pursuant to section 40-2-202, MCA, a married person may transfer his real property to another without the consent of his spouse. The District Court did not abuse its discretion.

Secondly, we find that the District Court's division of the marital property was not arbitrary and capricious. In awarding respondent a greater portion of the property, the court considered the elements required by section 40-4-202, MCA. The health and employability of respondent are both poor. Appellant's opportunities are much greater. Therefore, the disposition was not an abuse of conscientious judgment by the court and it is affirmed.

Finally, respondent objects to the child support award as being contrary to section 40-4-204, MCA, which states:

"40-4-204. Child Support. In a proceeding for dissolution of marriage . . . the court may order either or both parents owing a duty of support to a child to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:

"(1) the financial resources of the child;

"(2) the financial resources of the custodial parent;

"(3) the standard of living the child would have enjoyed had the marriage not been dissolved;

"(4) the physical and emotional condition of the child and his educational needs; and

"(5) the financial resources and needs of the noncustodial parent."

The District Court considered these factors and awarded child support accordingly.

Although not set forth in the findings of fact, it is evident the District Court considered the financial resources of the children. Consideration of Kevin's $3,000 a year income and Jodee's $1,000 a year income is reflected in the minimal amount of support awarded each child, $125 a month. The childrens' income was not contested; therefore, it was not necessary to include a finding respecting the amount of their income.

The District Court also considered the financial resources of each parent. Respondent's monthly expenses are greater than his monthly income. He is depleting his assets just trying to live. Appellant's income is only $50 greater than her expenses. For that reason, the District Court determined it would be difficult for her to make monthly support payments and deducted the support award from her marital assets. That is permissible. It was also permissible for the District Court to award support retroactively. Hill v. Hill (1982),

- 6 -

_____ Mont. ____, 643 P.2d 582, 39 St.Rep. 723.

The opinion of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices