No. 82-97

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

IN RE THE MARRIAGE OF
KATHLEEN ANN VINNER,

                Petitioner and Respondent,

    -vs-

MARK KINSEY VINNER,

                Respondent and Appellant.

_____

Appeal from:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone, The Honorable
              Diane G. Barz, Judge presiding.

Counsel of Record:

    For Appellant:

        Ralph L. Herriott, Billings, Montana

    For Respondent:

        Sandall & Cavan, Billings, Montana

_____

                        Submitted on Briefs:  October 14, 1982

                                    Decided:  December 3, 1982

Filed:    DEC - 3 1982


_Thomas J. Kearney_
            Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Respondent wife commenced this action for a decree of dissolution of marriage in the Thirteenth Judicial District, in and for the County of Yellowstone. The District Court entered findings of fact and conclusions of law on December 24, 1981, and final judgment and decree on January 15, 1982. Appellant husband appeals from the District Court's judgment and decree.

The parties were married in Billings, Montana, on January 2, 1973. The marriage produced two children. The wife was age 28 at the time of the hearing and is employed in the customer service department of the Billings Water Department. Wife earns approximately $1,200 per month and takes home about $800 per month. Wife also has a one-sixth interest in a family farm which yields her $1,500 income per year. Husband was age 31 at the time of the hearing and is employed as a salesperson at Chantel Jewelers. Husband earns an average of $816.74 per month and takes home approximately $669.80 per month.

The parties accumulated various personal property during the marriage which was divided between the parties upon their separation. The parties also purchased a home located at 221 Suburban Drive. The parties stipulated the home has a present value of $59,700. The home has a mortgage of $35,759, with monthly payments of $348. After the parties purchased the home in March 1977, they borrowed $2,500 from the lending agency financing the home for a down payment, $5,000 from the Rimrock Credit Union for the purchase of household goods and $6,000 from the Security Bank for home improvements. In addition, they also borrowed money from wife's uncle on two occasions in a total amount of $7,000 of which they had paid back $750 at the time of hearing. The District Court found the net equity in the home should be awarded 60 percent to wife, 40 percent to husband but that it would not be just or equitable to sell the home and divide the proceeds. In lieu of sale, the District Court found husband's equity in the

house to equal $9,576.40 and ordered such equity must be credited to husband's child support obligation at the rate of $200 per month until husband's interest in the home is satisfied. In addition, the District Court ordered husband to pay an additional $100 per month per child or $200 per month to wife as child support. When the husband's interest in the home has been satisfied, husband is to pay $200 per child per month or $400 per month to wife as child support.

The District Court ordered husband to assume $3,700 of the marital liabilities and wife to assume $7,250 of the marital liabilities. Husband appeals from the District Court's order requiring husband to pay $400 a month child support and to credit $200 of the total $400 against the $9,576.40 equity he has in the family home.

The issues raised on appeal are as follows:

1. Whether the District Court abused its discretion by distributing the marital estate; 60 percent to the wife and 40 percent to the husband.

2. Whether the District Court abused its discretion by requiring the respondent husband to pay child support in an amount in excess of what the facts show the ability of the respondent to be, under all the circumstances and facts concerning the financial ability of the respondent husband.

3. Whether the District Court abused its discretion by making an award of child support to be paid out of the respondent husband's equity in the marital real property based upon present value without consideration of the facts of appreciation or depreciation of the value of the property.

Husband first argues the District Court acted arbitrarily and exceeded the bounds of reason by apportioning the equity of the family home, 60 percent to wife, 40 percent to husband. Husband correctly cites section 40-4-202(1), MCA, as the statute which governs equitable disposition of property in a dissolution proceeding. This Court has many times decided this issue and does

not choose to rehash the same arguments in this case:

> "In determining whether the trial court abused
> its discretion; the reviewing court does not
> substitute its judgment for that of the trial
> court. The standard for review is whether the
> trial court acted arbitrarily without
> employment of conscientious judgment or
> exceeded the bounds of reason resulting in
> substantial injustice." Bolich v. Bolich
> (1982), _____ Mont. _____, 647 P.2d 844, 39
> St.Rep. 1197.

Here, the trial court appears to have followed the statutory criteria set out in section 40-4-202, MCA. Husband has failed to specifically address the issue as to any particular reason why the 60 percent - 40 percent split is inequitable other than to simply state that it is arbitrary and exceeds the bounds of reason. We find there was substantial evidence to support the District Court's holding. Wife was left with a significantly larger portion of the marital liabilities and that alone would justify a disproportionate property division in this case. We affirm the District Court's ruling on this issue.

Husband next contends the District Court abused its discretion by requiring him to pay child support in excess of husband's ability to pay. Section 40-4-204 governs an award of child support. The section states:

> "In a proceeding for dissolution of marriage
> . . ., the court may order either or both
> parents owing a duty of support to a child to
> pay an amount reasonable or necessary for his
> support . . ., after considering all relevant
> factors including:
>
> ". . .
>
> "(2) the financial resources of the custodial
> parent;
>
> "(3) the standard of living the child would
> have enjoyed had the marriage not been
> dissolved;
>
> ". . .
>
> "(5) the financial resources and needs of the
> noncustodial parent."

Thus, the section requires child support depending on the financial resources of both parents, in an amount sufficient to provide a standard of living similar to that which the child would

- 4 -

have enjoyed had the marriage continued. Here, the District Court simply made a finding that the husband is able to contribute $400 per month for child support taking into account his equity in the home. The District Court did not make a finding as to the amount necessary to support the children, nor did the District Court make a finding as to the amount the wife is able to contribute to the children's support. We remand to the District Court to make specific findings as required by section 40-4-204, and enter judgment accordingly.

Husband lastly argues the District Court erred by ordering his equity in the family home be credited as child support at the rate of $200 per month until his equity is exhausted. Husband claims he should be able to collect interest on his equity or at least be given some consideration in the event the property appreciates in value before his equity is satisfied. Wife argues this Court has held that providing for child support out of marital assets is permissible and within the power of the District Court. Wife cites Crabtree v. Crabtree (1982), _____ Mont. _____, 651 P.2d 29, 39 St.Rep. 1668, as authority in support of her contention. However, in Crabtree this Court ruled marital assets could be applied to retroactive support payments due and owing at the time of the decree. That is an entirely different matter from the case at hand. To simply award husband an equity in the house of $9,576.40 to be credited against his support obligation at the rate of $200 a month until the equity has been satisfied is arbitrary and does exceed the bounds of reason. We appreciate the District Court's concern that the net equity in the family home may not justify a sale and the possibility that wife might not be able to find a comparable residence with a comparable monthly payment. However, if the District Court is going to require husband to apply his home equity against his child support obligation, then the District Court must also credit husband's ongoing principal with interest computed at a reasonable rate.

Affirmed in part, reversed and remanded in part.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices