[S. F. No. 13383. In Bank.—September 26, 1929.]

In the Matter of the Accusation of The State Bar of California Against EDWARD V. JONES, an Attorney at Law and Member of The State Bar.

E. H. Hoar for Petitioner.

Strother P. Walton for Respondent The State Bar.

PRESTON, J.—This proceeding was instituted to review an order of the Board of Governors of The State Bar of California recommending to this court the suspension of petitioner for a period of one year from the practice of law in this state. Said recommendation is based upon the following findings made by the Local Administrative Committee of Kern County after its hearing, upon legal notice and in due form, of the charges preferred against him.

That the evidence showed that petitioner was not guilty of any misconduct in connection with the first transaction set forth in the notice to show cause. As to the facts set forth in the second transaction, the Committee found that: "on May 11th, 1928, in the Superior Court . . . in the case of *People* . . . v. . . . *Powers* . . . *and Newberry* . . . , accused of robbery, the said accused was the attorney for said defendants at the trial of said case on said day. That on said day, said accused advised the said defendants to testify therein and thereat that the defendants 'had gone to the place of the alleged robbery in the evening prior to the alleged robbery, got drunk there and later woke up in an automobile and discovered that all our money had been taken from us and that on looking around in the automobile, that we discovered a six shooter, and that we decided to take the six shooter and go in the house and recover our money' That the said accused, at the time he gave such advice believed the same to be false. That said defendant Al Powers attempted to so testify and would have so testified had not the court sustained

objection of the district attorney to such testimony on the ground that it was irrelevant. That by said advice the said accused intended to cause a miscarriage of justice.'' From the foregoing findings, the Committee found said accused was guilty of conduct involving moral turpitude in that in said action he intentionally endeavored to cause a miscarriage of justice and for that reason said Committee recommended that his license and right as an attorney at law be suspended for the period of one year.

Petitioner alleges: (1) That the State Bar Act is unconstitutional; (2) that he was deprived of a public hearing; (3) insufficiency of the evidence to sustain said charge; (4) and that the penalty imposed is excessive.

The first contention may be disposed of quickly, for recent decisions have established beyond question the constitutionality of said State Bar Act (Stats. 1927, p. 38). (*State Bar of California* v. *Superior Court,* 207 Cal. 323 [278 Pac. 432]; *In re Cate,* 207 Cal. 443 [279 Pac. 131]; *In re Peterson, ante,* p. 42 [280 Pac. 124].)

■ As to the second contention, the rules of procedure provide that these hearings shall not be public unless so ordered by the Board of Governors or requested by the accused. Petitioner claims that a request by him for a public hearing would have antagonized the Committee and by so placing the burden of such request upon an accused the rule, in effect, deprives him of his right to a public trial. We cannot subscribe to this view. The clear purpose of the rule is not to prejudice the rights of an accused, but rather, where circumstances do not decree that a public hearing would be wiser, to shield and protect him from public criticism. Here petitioner was denied such a hearing through his own indifference only, for he failed to exercise his privilege of making demand therefor.

The other two contentions, insufficiency of the evidence and excessive penalty, may be considered together for, granting that the evidence was sufficient to prove the charge, the penalty is not excessive. ■ A deliberate attempt to cause a miscarriage of justice through perjured testimony is not a light offense and might justify a penalty more severe.

■ In support of the charge there were introduced and received in evidence, by the express consent of the accused,

affidavits of the two defendants convicted in said robbery case to the effect that the accused suggested said untrue defense to them. While these documents were properly admitted at a hearing of this character upon the consent of petitioner, by reason of their source, they carry little weight. However, testimony, corroborated to some extent by petitioner himself, was given by Judge R. B. Lambert of the Kern County Superior Court, before whom said robbery trial was had, and therein lies the foundation of the case against petitioner. It is unnecessary to detail said testimony, for sufficient it is to say that, taken in connection with the other evidence, it amply and abundantly supports the findings and justifies the recommendation of the Local Administrative Committee. A reading of the record impels the conclusion that it was in the mind of petitioner, knowing said defendants were guilty, to have the court, if possible, accept said fabricated defense, an imposition meriting disclosure and punishment.

It is therefore ordered that the action and recommendation of the Board of Governors in this matter be approved and that the petitioner herein, the said Edward V. Jones, be and he is hereby suspended from the practice of law in this state for the period of one year from and after the date of filing of this order.

Richards, J., Seawell, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices present concurred.