[L. A. No. 11434.   In Bank.—December 5, 1929.]

In the Matter of the Application of HARRY G. SADICOFF for a Review of the Action of The State Bar.

[L. A. No. 11438.   In Bank.—December 5, 1929.]

In the Matter of the Application of A. L. ABRAHAMS for a Review of the Action of The State Bar.

Paul Barksdale D'Orr, Minor Moore and Francis J. Heney for Petitioners.

Julius V. Patrosso for State Bar of California.

PRESTON, J.—On December 12, 1927, a member of the Los Angeles County Bar Association addressed a letter to it, in which he complained of misconduct on the part of petitioners, while acting as attorneys for plaintiff, in a case pending in the Superior Court of that county, wherein he himself represented certain defendants. Under a stipulation that the matter should be heard and determined as though it had been initiated before The State Bar, said letter was treated as a complaint; answers thereto were filed

by petitioners and the case was assigned to Local Administrative Committee No. 4 of the county of Los Angeles, before whom the hearing was conducted.

Said Local Committee found that petitioners were guilty of violation of their duties as attorneys as defined by section 282, subdivision 6, of the Code of Civil Procedure; also that their acts and conduct as disclosed by the evidence involved moral turpitude and dishonesty within the meaning of section 287 of said code, and recommended their suspension from the practice of law for a period of two years. The Board of Governors thereafter duly approved the findings of said Local Committee, but modified its recommendation to one that petitioners be suspended for a period of six months only. A review of such action is here sought by petitioners.

Their attack upon the constitutionality of the State Bar of California Act (Stats. 1927, p. 38) may be dismissed as this is no longer an open question (*State Bar of California* v. *Superior Court,* 207 Cal. 323 [278 Pac. 432]; *In re Jones, ante,* p. 240 [280 Pac. 964], and cases there cited).

The other assignments, which in reality amount to a claim that the evidence is insufficient to justify said recommendations of suspension or support the findings and action of the Board of Governors, with an added plea for leniency, we believe should also be disposed of briefly. In our opinion the record, despite some conflict in the evidence, furnishes full support and justification for the action taken.

The reprehensible conduct with which petitioners are charged relates to certain acts done by them upon their substitution as attorneys for plaintiff in an action for breach of contract theretofore instituted in the Los Angeles Superior Court against a certain publicly known motion picture actress and others. At the time of said substitution of attorneys, proceedings were pending to restrain the taking of a certain deposition upon the ground that the matters there involved were *res judicata* by reason of a judgment entered in the United States District Court of New York in a similar action, to which these same persons were parties, wherein the pleadings contained such scandalous matter that they were ordered sealed by the court and this same plaintiff and his attorneys were enjoined from disclosing their contents. Said Los Angeles counsel for

defendant actress, fearing a repetition of these salacious and scandalous statements, to the detriment of her reputation and honor, sought by conference with petitioners to have a certain other deposition taken before a superior judge in such a manner as to avoid publicity. During this period of pendency, petitioner Sadicoff, with the knowledge of petitioner Abrahams, prepared an affidavit setting forth at length said defamatory and scandalous matter, containing allegations of scurrilous, immoral and perhaps fictitious matters prejudicial to the honor and character of said actress, publication of which would injure her reputation and could even destroy her earning capacity, which affidavit, ordered sealed by the trial court, was served by petitioners upon opposing parties but, for no good purpose, was withheld by them from filing for five days, and its contents were communicated by petitioner Sadicoff to an eastern newspaper correspondent, who was thereafter furnished with a copy of it.

Said Local Committee, with ample evidence to impel such conclusion, was of the opinion that petitioner Sadicoff during said five-day period between its service and filing, wilfully withheld said affidavit from the court records for the purpose of securing ⁊ advantage for his client, either by forcing a compromise or otherwise deliberately intending to harm said actress through the danger incident to possible publication of its contents; that petitioner Abrahams was familiar with all these proceedings; knew of the preparation of said affidavit, its contents, that it had been ordered sealed and that counsel for said actress were exerting every endeavor to prevent a repetition of what had happened in the New York case and that he also knew of its intended use and approved the action of petitioner Sadicoff.

We do not believe an extended résumé of the matters brought out upon the hearing would be of any benefit here. Section 282 of the Code of Civil Procedure enjoins upon attorneys the duty to "abstain from all offensive personality, and to advance no fact prejudicial to the honor or reputation of a party or witness, unless required by the justice of the cause with which he is charged." Section 287 of said code authorizes removal or suspension of an attorney for "wilful disobedience or violation of an order of the court requiring him to do or forbear an act connected with, or

in the course of his profession, which he ought in good faith to do or forbear . . . '' or ''for the commission of any act involving moral turpitude, dishonesty or corruption . . . ''

The evidence adduced fully warrants the conclusion that said acts of petitioners, and especially their conduct with respect to said affidavit and the motives and purposes which actuated them during said period, constituted a violation of their duties as attorneys. In an action of the character established by the complaint in said case, references such as those contained in said affidavit to certain of the parties obviously were not justified but were inexcusable, vindictive and diliberately offensive—in fact, clear evidence of bad faith on the part of counsel both toward the parties themselves and the court.

█ We may further state that the punishment suggested is not excessive or disproportionate to the offense. The facts surrounding the connection of petitioner Abrahams with preparation of said objectionable affidavit, his claims relative thereto, the youth of petitioner Sadicoff, his alleged belief in the propriety of his conduct and his stated regret therefor, all received due consideration by said Local Committee and, considering the seriousness of the offense, were undoubtedly factors which led to the suggestion by the Board of Governors of a suspension of merely six months. We have also given these factors due consideration.

It is, therefore, ordered that the action and recommendation of the Board of Governors in this matter be and it is hereby approved and that the petitioners herein, Harry G. Sadicoff and A. L. Abrahams, be and they are hereby suspended from the practice of the law in this state for the period of six months from and after the date of filing of this order.

Curtis, J., Richards, J., Waste, C. J., Shenk, J., and Seawell, J., concurred.

Rehearing denied in L. A. No. 11438.