[L. A. No. 12235. In Bank.—September 24, 1930.]

LLEWELLYN F. MARSH, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Llewellyn F. Marsh, *in pro. per.*, for Petitioner.

Thatcher J. Kemp for Respondent.

THE COURT.—This proceeding was instituted to review an order of the Board of Governors of The State Bar of California adopting findings of the Local Administrative Committee and recommending to this court the suspension of petitioner from the practice of the law for a period of one year. Petitioner contends, first, that said findings and recommendation are not justified or supported by the evidence; second, that the order is contrary to law in that it attempts to suspend him upon grounds other than those enumerated in the statutes of California or rules of professional conduct approved by this court, and, third, that in any event, if grounds for punishment are shown, the order is too severe and under the circumstances a reprimand would be more appropriate. The case warrants but brief discussion.

Said order of the Board of Governors was predicated upon proceedings had upon three accusations filed against petitioner and later consolidated. From the showing made it appears that in the matter of the accusation of Dorothy E. Leyva, the complainant engaged petitioner, as an attorney, to bring an action for divorce against her husband, a traveling actor. Between February, 1926, and January, 1927, she paid him on five separate occasions on account of his fee various sums aggregating $75. The total fee was to be $125, the husband to pay the balance due, although apparently petitioner was unable to collect it from him. No further sum, however, was due from complainant to petitioner. It was necessary that summons be published against the husband and petitioner informed complainant on several occasions that he had written her husband, that the case had been set for trial, that it ·had been continued,

etc. During May, 1927, however, complainant made an investigation in the office of the county clerk and there discovered that the action had never been filed. Petitioner thereupon admitted this fact and agreed to repay said sum of $75 to her, but failed to do so until just prior to the hearing in this proceeding, when, in the hall outside the office of The State Bar, she received said sum. Petitioner introduced in evidence a copy of a complaint in divorce, verified on February 16, 1926, and testified that he had prepared said pleading and instructed the clerk in his office to file it; that he believed it was filed at the time he made said statements to complainant and was not aware of the fact that it was not done until complainant so advised him. The Local Administrative Committee, under the undisputed facts as to payment of fee, failure to file the case and the gross negligence of petitioner in failing to discover that it had not been filed, recommended his suspension for the period of one year.

In the matter of the accusation of Sarah May Dippel, complainant made the similar charge that petitioner had accepted the sum of $45 from her for filing a divorce action; that he repeatedly told her that the matter had been set for trial and on several occasions advised her to bring her witnesses to his office on a certain date, which date he always postponed to the following week; that she later discovered that no action had ever been filed nor had petitioner rendered any other services for her. Petitioner denied that he had ever told complainant that the action was filed, stating that he had done other work for her, but as there was a misunderstanding as to the amount of his fee, he promised to return her money to her. Apparently all complainant desired was the return of her money, for just prior to the hearing it was repaid to her and she thereupon left without giving her testimony. In view of the conflicting statements of complainant and petitioner and the failure of complainant to appear, the committees recommended a dismissal of the matter.

Complainant Elizabeth Roling in her accusation charged that in April, 1926, she employed petitioner as her counsel to represent her in a certain action filed May 3, 1926, paying him $139, $100 of which was for a retainer; that issue was joined and the case set for trial July 5, 1927, on which

date the defendant therein appeared, but neither (complainant herein) nor her counsel (petitioner herein) appeared and the action was dismissed by the court and judgment for costs entered against complainant. Petitioner sought to excuse his nonappearance upon the ground that his secretary, who kept his docket, had entered an erroneous date of trial therein and further, that he had, prior to said trial date, discontinued the general practice of the law and arranged for another attorney to take over pending matters. However, there was evidence that complainant had endeavored by telephone and in person to obtain the correct trial date from both petitioner and said other attorney and that petitioner's docket was kept in a haphazard and irregular manner and no real effort was ever made to ascertain the correct date. The Local Administrative Committee expressed itself as being impressed with the neglect—also wanton in nature—shown by petitioner and recommended his suspension for at least three months as a reminder that the duties of an attorney to his client do not end upon payment of the retainer.

In commenting upon these accusations, the remarks of one of the members of the Board of Governors of The State Bar, will bear repeating here: "A review of the facts of these three cases under consolidation would indicate that the respondent is at least a careless and 'sloppy' practitioner, and that his negligence borders very closely upon moral turpitude. This type is not safe to represent clients in the practice of the law, particularly implicated, as he seems to be, in constant trouble with his clients over money matters, delays and actual misrepresentation. The facts involved, however, scarcely indicate a punishment of disbarment, but I would recommend that he be suspended from the practice for one year." The Board of Governors thereupon adopted the findings of the Local Administrative Committee and, as above stated, recommended to this court the suspenison of petitioner from the practice of the law for a period of one year.

■ That the evidence warrants and justifies, amply and fully, these findings is beyond doubt. The slight conflict in the evidence covering minor points which petitioner stresses is not, to our mind, sufficient to even warrant discussion. The record admits of no other conclusion than that peti-

tioner was guilty of extreme carelessness and gross negligence in his practice as an attorney at law.

█ But petitioner argues, conceding that he was guilty of such carelessness and negligence, these elements are not grounds for suspension. In other words, section 287 of the Code of Civil Procedure, which states the grounds upon which an attorney may be removed or suspended by this court, makes no mention of carelessness and negligence. Subdivision 5 of said section, however, provides that an attorney may be removed or suspended "For the commission of any act involving moral turpitude, , dishonesty or corruption . . . ," and if the conduct of petitioner and his gross negligence and carelessness come within this definition such conduct and acts constitute sufficient grounds for his suspension. The recommendation of the Board of Governors itself implies a finding that the acts committed by him involved moral turpitude, dishonesty or corruption. But aside from this fact, how petitioner's misrepresentations to the complainants, after his acceptance of a fee from them, can be classed as other than outright dishonesty, is hard to understand. Neither can it be denied that the breach by petitioner of the confidential relation—a fiduciary relation of the very highest character, binding him to the most conscientious fidelity—between himself and his said clients involved moral turpitude. The definition of turpitude as anything done "contrary to justice, honesty, modesty or good morals" has long been approved by this court (*In re O'Connell*, 184 Cal. 584, 587 [194 Pac. 1010, 1012]; *Matter of Coffey*, 123 Cal. 522 [56 Pac. 448]). See, also, *Matter of Humphrey*, 174 Cal. 290, 295 [163 Pac. 60, 62], wherein it is said: "Moral turpitude is misconduct by an attorney in reference to his duties and obligations as such attorney —conduct, in fact, which is contrary to justice, honesty, modesty, or good morals."

█ It also appears that said acts and conduct of petitioner were of a character to warrant his suspension under the provisions of subdivision 2 of said section 287, to the effect that an attorney may be suspended for "any violation of the oath taken by him, or of his duties as such attorney and counselor." The oath referred to, required upon admission of a person to practice law, contains a pledge "to faithfully discharge the duties of an attorney . . . to the best

of his knowledge and ability'' (sec. 278, Code Civ. Proc.). Obviously, this petitioner not only failed to discharge faithfully, but failed to discharge in any way whatsoever his duties as an attorney in the instances under review. See *In re Morganstern,* 61 Cal. App. 702, 708 [215 Pac. 721], holding that where the alleged acts of an attorney are such that they show moral turpitude, dishonesty or corruption in violation of his duties as an attorney and committed in the course of the practice of his profession, he may be proceeded against under either subdivision 2 or subdivision 5 of said section 287 of the Code of Civil Procedure, and under subdivision 2 there is no limitation upon the power of the court to entertain a motion for his removal or suspension.

The above statement sufficiently disposes of the plea that the punishment recommended is too severe. The facts themselves attest the gravity of petitioner's offense and show that the recommendation made was justified.

It is therefore ordered that the action and recommendation of the Board of Governors in this matter be and it is hereby approved and that petitioner herein, Llewellyn F. Marsh, be and he is hereby suspended from the practice of law in this state for the period of one year from and after the date of filing of this order.