[L. A. No. 15949. In Bank.—December 17, 1936.]

HERBERT R. WATERMAN, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Herbert R. Waterman, *in pro. per.*, for Petitioner.

Philbrick McCoy for Respondent.

THE COURT.—This is a proceeding to review the recommendation of the board of governors of The State Bar that petitioner be suspended from the practice of the law in this state for the period of six months. After notice to show cause and two hearings thereon, local committee No. 3 found petitioner guilty of unprofessional conduct involving moral turpitude within the meaning of section 287, subdivision (5), of the Code of Civil Procedure and constituting a violation of rule 15 of the Rules of Professional Conduct, and recommended suspension for thirty days. The board of governors adopted the findings of the local committee but increased the recommended period of suspension to that stated above.

The facts, as found by the local committee, are that the complaining witness Inez Gutierrez employed petitioner in March, 1935, to procure her a divorce for an agreed fee of $50, at which time she paid him $10 on account, and it was agreed that he should commence proceedings promptly; that he thereafter informed her he had filed and served a complaint for divorce; that, in fact, by mistake he failed to file the original, although he believed he had done so, and caused a copy to be served upon Carlos Gutierrez together with a copy of a summons, the original of which had never been issued, about March 25, 1935; that he thereafter failed to take any further action in the matter until about November 15, 1935, when he caused the complaint to be verified by Mrs. Gutierrez, filed it and had summons issued and served the defendant again about December 1, 1935; that he had discovered his mistake some time in August, 1935, and that these acts involved dishonesty and moral turpitude but were brought about by carelessness and negligence; that, about November 15, 1935, Mrs. Gutierrez, John Torres and Ernest Gutierrez were served with subpoenas directing them to appear before local committee No. 3 to testify in connection with the investigation of Waterman; that petitioner told them that if they would not appear he would proceed with the divorce matter; that Mrs. Gutierrez, upon petitioner's statements and advice, procured a continuance of the matter to December 16, 1935, and these three witnesses were again subpoenaed for appearance on that date; that the petitioner again called upon the witnesses and advised them that if they did not appear the matter would be dropped and that they would not get into any trouble by failing to appear; that Mrs. Gutierrez again asked for a continuance, which was refused; that she so informed the petitioner, who again advised her and the other two witnesses not to appear in response to the subpoena; that, acting upon his advice, they did not appear and were adjudged guilty of contempt by the superior court on January 2, 1936; that these acts were committed by the petitioner with the intent to prevent an investigation of his conduct as an attorney pursuant to the notice to show cause issued on October 14, 1935.

The petitioner is forty-four years of age and was admitted to practice in this state in 1929. On July 27, 1933, he was suspended for the period of one month for misap-

propriation and conversion of funds delivered to him by a client. (*In the Matter of Waterman*, Misc. 1258.) █ The record has been carefully read and the evidence supports the findings. In fact, the petitioner does not dispute the facts found but insists that he had no intention to deceive or defraud but was guilty merely of carelessness and neglect which does not involve moral turpitude or warrant the six months' suspension recommended by the board of governors. He admits he discovered his mistake in August but did nothing to remedy it until after complaint had been made to the bar association by Mrs. Gutierrez in October. He contends that his opinion was given in good faith when he advised Mrs. Gutierrez, John Torres and Ernest Gutierrez they need not appear in response to the subpoena of local committee No. 3 and that he was ignorant of the power of the committee to compel the attendance of witnesses by subpoena although it clearly appears upon the face of the subpoena that failure to appear in response thereto constitutes contempt under section 34 of the State Bar Act and is punishable by the superior court.

Gross carelessness and negligence constitute a violation of the oath of an attorney to ''faithfully discharge the duties of an attorney and counselor at law to the best of his knowledge and ability'' (Code Civ. Proc., sec. 278) and involve moral turpitude in that they are a breach of the fiduciary relation ''which binds him to the most conscientious fidelity''. (*Marsh* v. *State Bar*, 210 Cal. 303 [291 Pac. 583].) █ There is also, due to further carelessness if petitioner's own explanation be accepted, a violation of rule 15 of the Rules of Professional Conduct, providing that an attorney ''shall not advise a person whose testimony could establish or tend to establish a material fact, to avoid service of process, or secrete himself, or otherwise to make his testimony unavailable''. (213 Cal. cxvi.) Such casual opinions as that which petitioner contends was given in good faith indicate at best a lack of any conscientious regard for the welfare of his clients. █ ▪ In determining the propriety of the discipline recommended by the board of governors, it is proper to consider that the record shows by petitioner's own admission repeated difficulties with his clients with regard to delays and money matters involving several complaints to the bar association,

one of which culminated in the suspension above noted. (*Marsh* v. *State Bar*, 2 Cal. (2d) 75 [39 Pac. (2d) 403].) These facts disclose an habitual failure to give reasonable attention to the handling of the affairs of his clients rather than an isolated instance of carelessness followed by a firm determination to make amends. Under the circumstances we do not feel that the recommended period of suspension is excessive.

It is ordered that the petitioner be and he is hereby suspended from the practice of the law in this state for the period of six months commencing thirty· days after the date of the filing of this order.