[Bar Misc. No. 1642. In Bank.—November 15, 1940.]

In the Matter of the Suspension of THEODORE C. Mc-KENNA, an Attorney at Law.

THE COURT.—On July 26, 1940, the board of governors of The State Bar of California filed in this court, pursuant to the provisions of section 6081 of the State Bar Act (Chap. 4, Business and Professions Code), a transcript of evidence and proceedings, together with its findings of fact and decision thereon, resulting in a recommendation of suspension for six months in the case of the above-named attorney at law. No application was made by the attorney within sixty days after the filing of the transcript and decision to review or reverse or modify the same, as provided in section 6083 of the cited act. Normally, under such circumstances, and without additional comment, we enter an order, pursuant to the provisions of section 6084 of the act, imposing the recommended discipline. However, because of the position taken by Mr. Justice Carter, it appears proper to state the view of the court with respect to matters of this character.

From the inception of the integrated bar, an attorney recommended by the board of governors for disbar-

ment, suspension or discipline has been accorded a remedy by way of review upon petition filed in this court within sixty days after the filing herein of the certified record (Stats. 1927, p. 41, sec. 26; sec. 6083, *supra*). The statute always has provided that when such sixty-day period is permitted to elapse without the filing of a petition for review "the Supreme Court *shall* make its order" either "striking the name of the person from the roll of attorneys" or "suspending him for a period mentioned in the decision." (Secs. 26 and 6084, *supra.*) In the absence of other regulation on the subject, the latter is determinative of this proceeding. It always has been recognized "that the membership, character and conduct of those entering and engaging in the legal profession have long been regarded as the proper subject of legislative regulation and control, and it has never heretofore been considered, so far as we have been made aware, that, at least in this commonwealth, the exercise of a reasonable degree of regulation and control over the profession and practice of the law constituted an intrusion into the domain of our state organization constitutionally assigned to the judicial department thereof". (*State Bar* v. *Superior Court,* 207 Cal. 323, 331 [278 Pac. 432].)

Repeated application has been given by this court to that provision of our law (secs. 26 and 6084, *supra*) requiring the entry of an order of disbarment or suspension when a petition for review has not been filed within the sixty-day period. At least one such application has reached the official reports. In *Bordner* v. *State Bar,* 218 Cal. 580, 581 [24 Pac. (2d) 459], it is declared that "In this matter the petition to review the order of the board of governors of The State Bar, recommending that the petitioner be suspended from the practice of law, was not filed in this court within sixty days after the filing of the certified copy of the decision of said board of governors with the clerk of this court. Petitioner has therefore failed to comply with section 26 of the State Bar Act (Stats. 1927, p. 41) fixing the time within which petitions for the review of orders of the board of governors must be filed. For this reason the petition is dismissed."

In fixing the degree of punishment herein the board of governors took into consideration a private reproval administered by it to petitioner on May 14, 1937. That petitioner's conduct warrants discipline under the statute we need only

refer to our recent decision in *Trusty .v. State Bar, ante*, p. 550 [107 Pac. (2d) 10].

In view of the foregoing, it is hereby ordered that Theodore C. McKenna must be and he hereby is suspended from the rights and privileges of an attorney at law for the period of six months from and after the date of the filing of this order.

CURTIS, J., Concurring.—I concur in the order of suspension on the ground that the evidence against petitioner, as shown by the record before us, supports the finding of the board of governors of The State Bar and justifies the suspension of petitioner for the period prescribed by said order.

CARTER, J., Dissenting.—I dissent from the order of this court approving the recommendation of the board of governors of The State Bar of California that the above-named attorney (herein designated as respondent) be suspended from the rights and privileges of an attorney at law for the period of six months. In my opinion there is no legal or factual basis for the recommendation made by the board of governors or for the order of this court approving same.

The undisputed evidence in the record shows, and the local administrative committee found, that on the 10th day of February, 1939, one Laurino employed respondent to file an answer in a case entitled *Smith* v. *Laurino,* pending in the municipal court of the city of Los Angeles; that respondent and Laurino agreed upon a fee of fifty dollars for the performance of such service and said fee was thereupon paid; that respondent thereafter prepared an answer on behalf of Laurino and served a copy upon plaintiff's counsel but through inadvertence failed to file said answer in the court in which said action was pending; that thereafter counsel for plaintiff discovered that said answer had not been filed, and without notifying respondent, had the default of the defendant entered, and a judgment entered thereon for a sum in excess of eight hundred dollars; that execution was thereupon issued and levied against property owned by defendant and fully satisfied; that Laurino thereupon advised respondent as to what had occurred, and upon examining the file, respondent for the first time ascertained that the answer prepared and served by him had not been filed; that respondent thereupon agreed to reimburse Laurino for the full amount recovered by plaintiff in said action, but at the time of the

institution of this proceeding before The State Bar had failed to do so.

The local administrative committee found "that respondent had not violated his oath and duties as an attorney within the meaning of section 6103 of the State Bar Act, and that he had not violated section 6106 of said Act". Said committee recommended a dismissal of the proceeding against respondent.

A record of the proceedings taken before the local administrative committee was submitted to the board of governors of The State Bar of California, and without receiving any additional evidence whatever, said board amended the findings of the local administrative committee by inserting therein, "that respondent has violated his oath and duties as an attorney within the meaning of section 6103 of the State Bar Act", and recommended that respondent be suspended from the practice of the law in the state of California for a period of six months.

Respondent has not petitioned this court for a review of the findings and recommendation of the board of governors, but in my opinion the evidence in the record is so devoid of any suggestion of professional misconduct on respondent's part that there is no legal basis for the recommendation of the board of governors that respondent be suspended for the period of six months from the practice of law, and the proceeding should therefore be dismissed.

The authority of The State Bar of California to institute a disciplinary proceeding against a member of the bar is derived exclusively from legislative enactment now embraced in the so-called Business and Professions Code. As I read the provisions of said code, they cannot be interpreted or construed as authorizing the infliction of discipline upon an attorney for mere acts of negligence. In order to justify the infliction of discipline upon an attorney there must be some showing of bad faith, moral turpitude, dishonesty or corruption on his part.

In the record before us in the case at bar there is not even a suggestion of bad faith or dishonesty on the part of respondent. He did what many other attorneys have done through inadvertence, oversight, or neglect, and it is safe to say that if he had been financially able to reimburse his client for the loss which the latter had suffered as a result of such

neglect, it is obvious that this proceeding would never have been instituted.

Having followed the active practice of the law for over twenty-six years, I think I am in a position to state that any attorney who has actually devoted himself to the active practice of the law has from time to time been guilty of some acts of negligence which were detrimental to his client's interests, and if The State Bar of California is permitted to embark upon the stupendous undertaking of disciplining all the attorneys of California who through inadvertence or oversight commit some act of negligence detrimental to the interests of their clients, their task will be limitless and far-reaching, probably overtaking some of the members of the board of governors who sat in judgment in this case.

A client who suffers a financial loss as a result of the negligence of his attorney has the right to seek redress by civil action for damages against his attorney. This same right now exists in favor of a patient against a physician and surgeon or a dentist. In my opinion the remedy afforded by a civil action is ample to protect the interests of the members of the public against negligent conduct of attorneys, and that disciplinary action, which is *quasi*-criminal, should not be permitted at least until the legislature amends the State Bar Act and includes in its provisions negligence or incompetence as a ground of discipline which may be administered to a member of the bar. Until the legislature has thus spoken, neither the board of governors of The State Bar of California nor this court should attempt to inflict discipline upon an attorney who has not been guilty of any act involving bad faith or dishonesty but whose only dereliction has been unintentional acts of negligence due to lapse of memory or ignorance.

I think it must be conceded that as a general rule any loss suffered by a client as a result of the negligence of his attorney can be compensated in damages, and that if the attorney reimburses his client for any pecuniary loss suffered by him as a result of the negligence of the attorney, no disciplinary action will be instituted against the attorney. Such being the case, the only attorney who will suffer the ignominy of having discipline administered against him because of his negligence will be the attorney who, because of his financial

circumstances, is unable to restore to his client the loss which he has sustained as a result of such negligent conduct.

In my opinion it is contrary to any concept of legal ethics to inflict discipline upon an attorney for a wholly unintentional act regardless of the ills which might flow therefrom. This is not the proper way to rid the profession of attorneys who are incompetent or incapable of complying with the requirements of the profession. The loss of business resulting from inattention thereto or negligence in the handling thereof usually inflicts a sufficient economic loss upon the attorney to deter him from a repetition of such negligent conduct, or ultimately eliminates him from the practice of the law.

While the legislature has conferred upon The State Bar the power to investigate complaints against attorneys involving moral turpitude, dishonesty and corruption, and The State Bar since its organization has performed a very laudable service both to the bar and the public in ridding the profession of many who were morally unfit to continue in the practice of the law, it cannot be said that it was the intention of those who framed the State Bar Act, or of the legislature which enacted it, to commit to the board of governors of The State Bar the administration of the practice of law in California in the sense that members of the bar should be held accountable to said board for their conduct in the ordinary pursuits of the practice of law which do not involve any question of bad faith or dishonesty.

The reasons advanced and the authorities cited in the dissenting opinion prepared by me in the case of *Trusty* v. *State Bar, ante, p.* 550, *supra,* decided by this court on November 12, 1940, are equally applicable to the case at bar and the same are referred to in support of the position which I have taken in this case.

The majority opinion approving the recommendation of the board of governors in this matter is based upon the proposition that this court has no power to review a disciplinary proceeding heard before The State Bar of California where no petition for such review is filed on behalf of the person against whom the discipline has been administered within 60 days after the filing of the certified copy of the decision of the board of governors with the clerk of this court in accordance with section 26 of the State Bar Act. In other words, it appears to be the opinion of the majority of this court that

we are required to place our stamp of approval on every recommendation of the board of governors for discipline of a member of the bar where the attorney against whom the recommendation is made, has failed to petition this court for a review of the disciplinary proceeding against him.

I cannot yield to this suggestion of impotency on the part of this court, and I refuse to allow myself to become a rubber stamp and give my approval to a recommendation or decision which is not only shocking to my sense of justice but constitutes an encroachment upon the judicial power vested in this court by the Constitution of California.

This court has held that the exercise of the power to discipline an attorney by disbarment or suspension is wholly a judicial function, and one with which the legislature may not interfere. (*Barton* v. *State Bar*, 209 Cal. 677 [289 Pac. 818].)

It has also been held by this court that notwithstanding the language of the State Bar Act, the only orders contemplated by the act which were intended to have, or which have, the effect of disciplining attorneys are the final orders of this court following a review of the disciplinary proceeding had before The State Bar of California. (*In re Shattuck*, 208 Cal. 6 [279 Pac. 998].)

In view of the settled rule that the recommendation of the board of governors for the discipline of a member of the bar is recommendatory only, and that this court is not bound either by the facts found by said board or its recommendation as to discipline, it seems absurd to me to conclude that this court must approve a recommendation made by said board for the discipline of an attorney, when, in the exercise of the judicial discretion reposed in this court by the Constitution, it is obvious that such recommendation should not be approved even though no petition for review has been filed.

In view of the undisputed evidence in the record presented to this court in the above-entitled matter, and the findings of the local administrative committee which negative any suggestion of bad faith or dishonesty in the conduct of the respondent in connection with the handling of the case on behalf of Laurino, it must necessarily follow that the only basis for the punishment of six months' suspension from practice inflicted upon respondent is that he was guilty of negligence. From what I have said in the foregoing opinion, it

is obvious that there is no basis in the law of this state for the infliction of punishment or discipline upon an attorney for mere negligence in the conduct of his practice, and there-fore the proceeding against respondent should be dismissed.

Houser, J., concurred in the foregoing conclusion.