[L. A. No. 18091. In Bank. Feb. 24, 1942.]

JOHN RANDOLPH STEPHENS, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

W. Verne Ahrens for Petitioner.

W. Eugene Craven for Respondent.

THE COURT.—This is a proceeding to review the recommendation of the Board of Governors of The State Bar that

the petitioner be disbarred. The recommendation was made pursuant to findings and conclusions of the local administrative committee in accordance with two charges brought against the petitioner. The petitioner was admitted to practice law in California on October 11, 1927. He had previously practiced law in the State of Illinois, having been admitted to practice in that state in 1912. He is about 53 years of age.

On the first charge against petitioner Alvin Douglas was the complaining witness. In February, 1940, the petitioner was employed by Douglas to handle a divorce proceeding. It was agreed that his fee in this matter would be $35. This fee was paid to the petitioner in installments and payment was completed by June 17, 1940. A complaint for divorce was verified by Douglas before a notary public on March 4, 1940, but the complaint was not filed or summons issued until September 6, 1940. Before the complaint had been filed or summons issued, and about July 12, 1940, the petitioner gave the complaining witness a copy of the complaint and of what purported to be a copy of summons for service on the defendant. These papers were served on the defendant on July 13, 1940. The purported original summons with affidavit of service was returned to the petitioner about the 24th day of July, 1940. Between March 4, 1940, and September, 1940, Douglas called petitioner several times and inquired concerning the status of his lawsuit. The petitioner advised him that his trial would soon be coming up notwithstanding the fact that the complaint had not then been filed or summons issued. When the complaining witness discovered that the action had not been filed until September 6, 1940, he reported the matter to The State Bar. The petitioner then took some action in the case and the summons was re-served on September 28, 1940. A default was entered and the case was set for trial for November 14, 1940. The case was continued until November 19, 1940, because the testimony of the corroborating witness was insufficient. The interlocutory decree of divorce was granted at this later date.

The second charge was brought by Randolph Lowell. The petitioner on June 2, 1937, filed an action in Los Angeles County on behalf of Lowell against the Humboldt Malt & Brewing Company. An agreement was entered into on June 16, 1937, between the petitioner and Lowell whereby the petitioner agreed to prosecute the action and receive 25 per cent of any amount recovered. In the event no settlement was

made and the case was tried the petitioner was to be paid $150 win or lose. The $150 was paid although the action was never tried. A motion for a change of venue was made and granted. The case was ordered transferred to San Francisco. The petitioner was present when this motion was granted. During the following year the petitioner told Lowell on several occasions that the action had been set for trial. Almost a year after the motion for a change of venue was granted, Lowell became suspicious and inquired at the Los Angeles County Clerk's office. He discovered that the action had never been transferred because the transfer fee had not been paid. At this time there were eleven days left to pay the fee. Lowell went to the petitioner and asked why the fee had not been paid and the petitioner told him it was the plaintiff's duty to pay this fee. The petitioner then asked Lowell for $30 expense money which Lowell gave him. About three months later Lowell discovered that the transfer fee had not been paid, and he persuaded the petitioner to pay the fee although the year had already elapsed. The action was dismissed on motion of the defendant on the ground that the action had not been transferred within one year after the order therefor had been made. The petitioner did not appear at the hearing on this motion. He did file points and authorities in opposition to the motion for dismissal. At the time of the dismissal the statute of limitations had run on the cause of action. The complaining witness, Lowell, then tried to recover his fee of $150 from the petitioner. After unfulfilled promises to pay he gave Lowell a note for the amount secured by a set of Corpus Juris. The note was never paid. He later had one Ogg give Lowell a check for $150, but the check was dishonored and never paid. Finally payment of the $150 was made on July 2, 1941, after proceedings in disbarment were well under way.

The petitioner claims that the recommendation of the board is contrary to law, and urges various reasons. He claims, first, that there is an attempt to disbar him upon grounds other than those enumerated in the California statutes or the rules of professional conduct. Considering the facts of the case in the light most favorable to the petitioner his acts show gross carelessness and negligence. In *Waterman* v. *State Bar*, 8 Cal. (2d) 17 [63 Pac. (2d) 1133], this court stated at page 20: "Gross carelessness and negligence constitute a violation of the oath of an attorney to 'faithfully discharge the duties of

an attorney and counselor at law to the best of his knowledge and ability' (Code Civ. Proc., sec. 278) and involve moral turpitude in that they are a breach of the fiduciary relation 'which binds him to the most conscientious fidelity.' '' Acts of dishonesty, acts involving moral turpitude, and the violation of the oath of an attorney are all grounds for disbarment. (Secs. 6103, 6106, State Bar Act.)

The petitioner claims that there was no preliminary investigation as required by rule 10 of the Rules of Procedure of The State Bar. The record recites, however, that a preliminary investigation was had at which petitioner was given an opportunity to be present. The petitioner presents no evidence to the contrary.

The petitioner claims that he had no opportunity to subpoena witnesses in his own behalf. But the record discloses that the petitioner made no request for a subpoena. It appears that he had every opportunity to produce or subpoena any witnesses he desired.

There is no merit in the claim that the local administrative committee was not a representative body of practicing attorneys because all the attorneys were members of the city attorney's staff and not otherwise engaged in the practice of law.

The petitioner contends that no acts of dishonesty or moral turpitude are shown by the findings. Under the rule of *Waterman* v. *State Bar, supra,* above quoted, acts of gross carelessness and negligence involve moral turpitude and also breach the oath of an attorney. In addition to gross negligence and carelessness on the part of petitioner the record here also shows that he was guilty of repeatedly misrepresenting facts to his clients and making statements to them concerning their lawsuits which he knew to be false. This conduct certainly involved moral turpitude.

The recommendation of the Board of Governors is justified by the evidence and the proceedings appear to be regular in all respects.

It is hereby ordered that the petitioner, John Randolph Stephens, be and he is hereby disbarred from the further practice of law in this state, and that his name be and it is hereby stricken from the roll of attorneys and counselors at law of the State of California.

CARTER, J., concurring.—I concur in the judgment of disbarment, but in my opinion the judgment should be based upon the findings of the local administrative committee involving the conduct of petitioner in connection with his handling of the case of *Randolph Lowell* v. *Humboldt Malt & Brewing Company* pending in the Superior Court of Los Angeles County. In this proceeding the local administrative committee found the petitioner guilty of conduct involving moral turpitude and dishonesty within the meaning of section 6106 of The State Bar Act and recommended disbarment. The Board of Governors adopted the findings and recommendation of the local administrative committee in this proceeding and recommended to this court that petitioner be disbarred. In addition to the above-mentioned findings, said committee made the following comment with respect to petitioner:

"The committee feels that it should point out to the Board of Governors that the respondent (petitioner) in this case did not show any disposition whatsoever to cooperate with the committee in attempting to ascertain the truth of the charge set forth in the notice to show cause. His conduct on the stand was evasive. He either deliberately lied to the committee concerning his belief on questions of law, or displayed a gross ignorance of the knowledge of law. That he has demonstrated to the committee either that he is an accomplished liar or has an absolute incapacity to practice law."

In view of the facts found by the local administrative committee with reference to petitioner's conduct in connection with the Randolph Lowell case, and the conclusion reached by said committee that such conduct amounted to moral turpitude and dishonesty coupled with the above-quoted comment of the committee, which findings of fact and conclusion were adopted by the Board of Governors of The State Bar of California, I am persuaded that petitioner does not possess either the moral character or the legal ability requisite to a member of the legal profession of this state, and for this reason he should be disbarred.

But, I do not agree that petitioner should be disciplined for his conduct in connection with the Alvin Douglas divorce proceeding as the local administrative committee found him not guilty of the matters charged in the complaint against him and recommended dismissal of the charges against him arising out of the Douglas case. The Board of Governors refused to

approve the finding of the local administrative committee "that the delay in bringing said action and in obtaining said interlocutory decree was caused by the illness of the respondent (petitioner)," and also refused to adopt the conclusion and recommendation of the committee finding the petitioner not guilty and recommending dismissal of the charges against him. I agree with the conclusion reached by the local administrative committee in connection with the Douglas case, and in my opinion, petitioner should not be disciplined for his conduct in connection with this case.

The majority opinion is predicated upon the proposition that carelessness and negligence of a member of the bar in the handling of his client's legal matters may be made the basis of a disciplinary proceeding against him. I do not agree with this theory, and in this connection I adhere to the views expressed by me in the dissenting opinions which I prepared in the cases of *Trusty* v. *State Bar,* 16 Cal. (2d) 550 [107 Pac. (2d) 10]; and *In re McKenna,* 16 Cal. (2d) 610 [107 Pac. (2d) 258].

In the case at bar there is no basis for the application of the so-called negligence theory as petitioner was not found guilty of mere negligent conduct, but of conduct involving moral turpitude and dishonesty. Such conduct amounts to moral delinquency which is not comprehended in any accepted definition of mere negligence.

For the reasons above stated with respect to petitioner's conduct in connection with the Randolph Lowell case, I am of the opinion that petitioner should be disbarred.

HOUSER, J., concurred.