[S. F. No. 16941. In Bank. Apr. 3, 1944.]

CONSTANTINE FITZGERALD ESCHWIG, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

John A. Foley for Petitioner.

Jerold E. Weil for Respondent.

THE COURT.—This is a proceeding to review the recommendation of the Board of Governors of The State Bar that petitioner be suspended from the practice of the law for a period of six months.

Petitioner was charged with having violated his oath and duties as an attorney at law within the meaning of section 6103 of the State Bar Act, in that he grossly neglected the interests of a client. Petitioner denied the charge and the

matter proceeded to hearing before a local committee. It appears that in September, 1941, petitioner, then practicing at Tule Lake, was retained by the client to recover possession of a harvester which the conditional vendor had repossessed. At the time, the client delivered to petitioner two documents or orders representing the contract for purchase of the harvester. Approximately one month later, petitioner moved his office to San Francisco. In February, 1942, petitioner filed an action in Siskiyou County on behalf of his client—explaining herein that he could not do so earlier because he had to await the furnishing of certain information which he received in San Francisco in a letter from his client. He also states that he spent considerable time in attempting to effect an amicable adjustment without suit, as instructed by his client. Due to petitioner's delay in handling the matter, the client requested return of the two orders. Approximately two weeks after opening his office in San Francisco, petitioner sent his client one of the orders. Repeated requests were made for the other one, without result. After the action had been filed, the client associated another attorney with petitioner. Pending hearing of a demurrer in the action, the associate made several written requests for the missing purchase order, to which petitioner made no reply. The client then complained to The State Bar, and petitioner for the first time advised his client and associate counsel that he had lost one of the purchase orders.

Petitioner testified before the committee that he had failed to return the second order because he had been unable to find it and was reluctant to admit the loss of it until he "was satisfied that it was useless to look further," and that he disliked "going on record" as admitting he had lost the paper. He also testified that at about this time his wife became seriously ill and spent considerable time in a sanitarium, thus placing the care of a child upon him. Petitioner further explained that not until the time of trial were the purchase orders needed to establish his client's cause of action. It also appears that petitioner obtained from counsel for the vendor photostatic copies of all pertinent contracts or orders, which he presented at the committee hearing.

At the conclusion of its hearings the committee made findings and concluded that petitioner had violated his oath and duties as an attorney, and recommended that he be given a

private reprimand, adding that "while petitioner has been dilatory in attending to his client's litigation, and with particular reference to his failure to supply the missing document, or advise his client or associate counsel of its disappearance, we feel there is no moral turpitude involved, and . . . we are inclined to believe the neglect in this particular matter was contributed to by the serious illness at that time of his wife and the removal of his offices from Tule Lake to San Francisco." The Board of Governors adopted the committee's findings, but recommended that petitioner be suspended from practice for a period of six months.

We are of the opinion that a reprimand, as recommended by the local committee, is sufficient discipline under the circumstances, and this opinion shall constitute such reprimand.

EDMONDS, J., Dissenting.—The only dereliction of professional duty charged to the petitioner in the findings of fact made by the local administrative committee and adopted by the Board of Governors is that he neglected his client's business. This finding, considered in connection with the committee's conclusions stated in the form of a "recommendation," certainly does not show any conduct which justifies disciplinary action under the rules heretofore laid down by this court. (*Stephens* v. *State Bar*, 19 Cal.2d 580 [122 P.2d 549]; *Trusty* v. *State Bar*, 16 Cal.2d 550 [107 P.2d 10]; *Waterman* v. *State Bar*, 8 Cal.2d 17 [63 P.2d 1133]; *Marsh* v. *State Bar*, 2 Cal.2d 75 [39 P.2d 403]; *Marsh* v. *State Bar*, 210 Cal. 303 [291 P. 583].) Accordingly, in my opinion, the proceeding should be dismissed.