[Sac. No. 6162. In Bank. May 8, 1951.]

GEORGE E. FOOTE, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

E. R. Vaughn for Petitioner.

Jerold E. Weil for Respondent.

THE COURT.—Petitioner is charged with professional misconduct in violation of sections 6067, 6068, 6103 and 6106 of the Business and Professions Code.

The local administrative committee found that petitioner was employed to file a contest to the will of Kathryn Hunter and was paid $100 therefor with the understanding that he would receive another $100 on termination of the proceeding; that after the contest was filed petitioner communicated with the attorney of record in the probate proceeding and consulted from time to time with his clients; that on the date set for hearing of the contest petitioner in wilful violation of his oath and duties as an attorney, advised his clients that the hearing on the contest was continued; that without their knowledge or consent petitioner entered into and filed a stipulation of dismissal of the contest (without prejudice); that at no time was petitioner authorized to file the dismissal and that after filing the dismissal petitioner wilfully and falsely led his clients to believe that the petition was on file and that a hearing on the contest would be held on a specified future date. The findings also show that petitioner's clients did not learn of the dismissal until after the probate proceedings had been completed, the estate distributed, and the time for contest or opposition to probate had expired. The local committee found that there were no mitigating circumstances and recommended a suspension of eighteen months. The Board of Governors adopted the findings of the local committee and recommended suspension for nine months.

The matter comes before this court on a petition for a writ of review. Petitioner contends, not that the evidence is insufficient to support the charges against him, but that it does not justify a suspension of nine months. He contends that there was no evidence that a contest would have been successful, and that even if it would have been his clients suffered no loss as their recovery would have been negligible.

Whether or not a contest would have been successful is speculative and immaterial. Petitioner's opinion as to the possible outcome does not justify his numerous misrepresen-

tations to his clients. Moreover, had a contest been successful, the recovery would not have been negligible. The net value of the estate was approximately $1,934. The next of kin, nieces and nephews, numbered seven, two of whom were clients of petitioner. Each of petitioner's clients, therefore, would have recovered approximately $276.

Even if petitioner's clients did not suffer loss by his misconduct, he would not avoid disciplinary action. (*Lady* v. *State Bar,* 28 Cal.2d 497, 504 [170 P.2d 460] ; *Pickering* v. *State Bar,* 24 Cal.2d 141, 145 [148 P.2d 1] ; *Utz* v. *State Bar,* 21 Cal.2d 100, 105 [130 P.2d 377].) Without authority of his clients petitioner dismissed the contest. Thereafter, he repeatedly misrepresented the status of the contest proceeding and kept his clients in ignorance of his unauthorized dismissal. When complainants on their own initiative uncovered his deception, the opportunity to contest the will had passed. By his duplicity petitioner destroyed the claims of his clients, which he was engaged to protect and enforce. Such conduct involves moral turpitude and warrants the discipline recommended. (*Stephens* v. *State Bar,* 19 Cal.2d 580 [122 P.2d 549] ; *Marsh* v. *State Bar,* 210 Cal. 303, 307 [291 P. 583].)

Petitioner is suspended from the practice of law in this state for a period of nine months commencing thirty days after the filing of this order.