[L. A. No. 19601. In Bank. June 26, 1946.]

WILLIAM ELLIS LADY, Petitioner, v. THE STATE BAR
OF CALIFORNIA, Respondent.

Philbrick McCoy for Petitioner.

Paul R. Hutchinson and Jerold E. Weil for Respondent.

THE COURT.—The State Bar, by a notice to show cause, charged petitioner with professional misconduct violative of sections 6103 and 6106 of the State Bar Act. The Board of Governors adopted with modifications the findings of the local administrative committee and recommended that petitioner be suspended from the practice of law for a period of three months. On this application for review he contends that the evidence is insufficient to support the findings and that no professional misconduct has been shown.

In 1941 petitioner, as substituted plaintiff, was prosecuting an action for accrued alimony which had been assigned to him by his client, Mrs. Dorothy Sunderland, shortly before her death in October, 1940. On June 27, 1941, petitioner was served with a subpoena duces tecum issued at the instance of the defendant in that action, directing the petitioner to appear before a notary public for the taking of his deposition and to bring with him all instruments comprising the assignment to him of the claim upon which his cause of action was based. During the taking of the deposition on July 12, 1941, petitioner refused to answer certain questions. When asked if he had with him the assignment referred to in the subpoena, he exhibited and permitted opposing counsel to examine an original undated assignment executed by Mrs. Sunderland. He gave the notary a copy of this paper but refused to deliver the original, saying: "I don't intend to let the original assignment go into evidence today, and I intend to take it along to court at the time of trial."

The deposition was thereupon continued, and on July 16th an order was issued by the superior court directing the petitioner to show cause why he should not be required to answer the disputed questions. At a hearing on July 25th, the court fixed August 9th as the date for the resumption of the deposition and directed petitioner to answer at that time the questions asked before the notary. One of the questions concerned the execution of the undated assignment by Mrs. Sunderland. At the hearing on July 25th the court did not require a surrender of the assignment but permitted the petitioner to retain it upon his stipulation that he would permit defendant's counsel to have it examined by a handwriting expert.

When petitioner appeared for the resumption of his deposition on August 9th he failed to produce the undated assignment, but instead produced an assignment of almost identical wording dated September 23, 1940, and stated that it was the assignment upon which he relied as the basis of his cause of action. He said that upon his return to his office on July 12th, he had opened his files in the case and discovered that he had produced the wrong assignment; that he had commented on the fact to his associates; and that he had immediately destroyed the undated assignment to avoid any repetition of his error. In explanation of his failure to state these facts to the court at the hearing of July 25th, he claimed that he considered that the subject of that inquiry and of his

stipulation was the assignment on which "he relied," which was the assignment dated September 23d, and he therefore acted upon the assumption that it was unnecessary to mention his error to the court or to tell of his destruction of the undated assignment.

On August 12, 1941, the superior court issued an order requiring petitioner to show cause why he should not be punished for contempt for failing to surrender the undated assignment for inspection by a handwriting expert as he had agreed at the hearing of July 25th and for failing to disclose to the court at that hearing that he had theretofore destroyed that instrument. In November, 1941, after the hearing, the order to show cause was discharged.

The main action thereafter proceeded to trial. Under a special defense urged by the defendant, the issue was litigated concerning petitioner's purpose and motive in procuring an assignment from his client. Findings favorable to petitioner were made on that and other issues, and in March, 1943, a judgment was entered directing that petitioner, as trustee, recover from defendant some $28,000 and costs and that the money should be paid to the administrator of Mrs. Sunderland's estate. Defendant appealed from the judgment. Proceedings were had for satisfaction of judgment and for a receivership. Finally, in November, 1944, the case was compromised by the payment to petitioner of $5,000, and the appeal was dismissed. During that same month the present proceeding was instituted. The record in that case was received in evidence in the present proceeding.

At the time it was suggested to Mrs. Sunderland that she should assign her cause of action to petitioner, she was suffering from a fatal malady, and with petitioner's help she had found refuge in a county institution. Petitioner claims that he was reluctant to accept an assignment from her until after the complaint against her former husband had been filed because he planned to initiate arrest and bail proceedings and wanted to avoid any personal liability which might arise if such proceedings were improper or the husband's identity mistaken.

With respect to the dated assignment, the evidence shows without contradiction that it was executed by Mrs. Sunderland on September 23, 1940, a few hours after the filing of the complaint. With respect to the time of execution of the undated assignment, the evidence is uncertain.

. Petitioner asserts that subsequent to September 23d he forgot that he had taken an assignment, and that on October 6th, about ten days before Mrs. Sunderland's death, he secured an undated assignment from her. It is argued by the respondent that, after taking such care to procure the dated assignment within a few hours of the filing of the complaint, it is incredible that petitioner could have forgotten the incident and proceeded to take the undated assignment; that the circumstances indicate that petitioner took the undated assignment in August as a safeguard in case of his client's early demise; and that after the commencement of the action in his client's name, he directed the preparation of the dated instrument and had Mrs. Sunderland execute it, with intent to use it in procuring the substitution of himself for her as party plaintiff.

For some undisclosed reason a dictograph had been placed in the hospital room of Mrs. Sunderland, and the record contains a transcription by representatives of the district attorney's office of a purported conversation overheard on August 25, 1940, while petitioner and his secretary were visiting Mrs. Sunderland. The transcription bears a notation that the radio was "turned on very loud so only snatches of the conversation could be heard," and the reported items of conversation indicate that Mrs. Sunderland signed a compensation insurance claim and other papers at that time. The forms of signature mentioned in the conversation are said to indicate that one of the unidentified papers must have been the undated assignment. But petitioner denies that any assignment was executed on that day, and his secretary testified that she saw none signed although she did not remain in the room during the entire time of petitioner's visit.

The local administrative committee found that the undated assignment was executed by Mrs. Sunderland on August 25th. The board struck that date from the findings but adopted the committee's further finding that the undated assignment was the first assignment executed by Mrs. Sunderland. The board found that petitioner's assertion was untrue that subsequent to September 23d he forgot that he had taken the dated assignment and procured the undated one; that it was untrue that Mrs. Sunderland requested petitioner to take an assignment prior to the commencement of suit and he refused; that on the contrary the petitioner suggested to Mrs. Sunderland that she assign to him and pursuant to that suggestion she

executed and delivered to him the undated assignment. The court in the main case found on those issues in favor of the petitioner.

Further findings of the board are to the effect that the first and undated assignment was the only valid and effective assignment by Mrs. Sunderland of her claim to petitioner; that, as petitioner knew, it was the basis of his cause of action, and was the assignment referred to in the subpoena duces tecum and in the amended complaint; that petitioner did not destroy the instrument to avoid confusion or in the belief in good faith that it was not relevant or material to the issues in litigation and that the only relevant assignment was that of September 23d; that the instrument was destroyed by petitioner in the belief that it was material and relevant to the cause and for the purpose of defeating the ends of justice, and with intent and purpose to conceal and suppress the fact that it was a prior assignment. Here again the court in the contempt proceeding and the trial of the action impliedly found in favor of the petitioner on those contested issues.

It was also found by the board that at the court hearing of July 25th petitioner failed to maintain the respect due the court; that he used means not consistent with truth; that he deliberately misled the judge by failing to disclose that he had theretofore destroyed the assignment exhibited by him when his deposition was being taken on July 12th, and in stipulating and allowing the order to be made to permit defendant's counsel to have the assignment examined by a handwriting expert when he knew that he had already destroyed it.

The destruction of the undated assignment by the petitioner, his failure to disclose to the court on July 25th that he had destroyed it, and his stipulation to produce it when he knew that it had been destroyed were held by the board to be acts in violation of sections 6103 and 6106 of the State Bar Act, and to warrant the recommended discipline.

A review of the record leads to the conclusion that the findings on the contested issues lack sufficient evidentiary support except the finding that the petitioner failed to disclose to the court on July 25th the fact that he had theretofore destroyed the assignment produced by him before the notary on July 12th and stipulated in court to thereafter produce an assignment for examination which he knew had been destroyed by him. The board must have recognized the insufficiency of

the evidence on the charge that the undated assignment was executed on August 25th for it struck that date from the findings. With this date stricken the significance of the further finding to the effect that the undated assignment was executed prior to the dated one disappears in uncertainty and the record itself does not clear it up. With August 25th eliminated there is no finding whatsoever of the execution of the undated instrument at any specific time prior to September 23d. If petitioner's statement that it was executed about October 6th is discredited, then the record must be deemed devoid of any substantial proof of the actual time of its execution.

The finding that the assignment was given at petitioner's suggestion rather than at Mrs. Sunderland's request, even if deemed to be sufficiently supported, is immaterial in view of the fact that the record contains no showing that petitioner did not act for the best interests of his client and endeavor at all times to give effect to her plans and desires.

The findings of the board to the effect that the undated assignment was the only valid and effective assignment by Mrs. Sunderland of her claim to petitioner; that it was the basis of his cause of action; that it was the assignment referred to in the subpoena duces tecum; that it was destroyed by petitioner in the belief that it was relevant to the cause and for the purpose of defeating the ends of justice and concealing its priority, and the like, all stem from the major initial finding that the undated assignment was in fact a prior assignment. With that initial finding lacking in substantial evidentiary support, the findings which flow from it must fall. Moreover, as stated, the issues covered by these findings were involved both in the contempt proceeding and on trial of the case of *Lady* v. *Sunderland*.

While petitioner does not contend that either the discharge of the order to show cause in the contempt proceeding or the judgment in the main case is res judicata of the issues here, he points out that they constitute relevant, credible, and convincing proof, entitled to great weight as evidence of the facts thereby established, and raise a doubt as to his misconduct, which doubt should be resolved in his favor. In the main case the court not only made findings favorable to petitioner and gave judgment in his favor based upon the effectiveness of the assignment of September 23, 1940, but also expressly found that during the summer of 1940 Mrs. Sunderland requested petitioner to accept an assignment of her claim

which petitioner refused to do until after the action was filed; that a draft of the assignment was prepared and discussed with Mrs. Sunderland before September 23, 1940, and that she was told that it would be given to her for execution immediately following the filing of suit in her name.

With the elimination of the findings above discussed, there remains to justify a disciplinary order only the finding bearing upon petitioner's failure to make a disclosure to the court at the hearing of July 25th of the fact that he had destroyed the assignment previously exhibited by him, and of his reason for so doing. On this point it is shown by petitioner's own testimony that he was not frank and truthful in his dealings with the court. He knew at the hearing of July 25th that the assignment which he had previously produced was no longer in existence. Yet when the question arose of his response to interrogatory number 11 ("Q. Now I demand that you deliver to the notary the original of that assignment."), he admittedly made no explanation to the court of his destruction of the assignment and of the fact that another assignment existed, upon which he had decided to rely; instead he told the court that he "wanted to cooperate in every way. I told Judge Wilson that I had the original assignment upon which this action was based and that I would be more than glad to have anyone examine it . . . at any time they saw fit, whereupon the matter was ended and the Clerk made a notation in his minutes that it was stipulated that the assignment in question be examined by a handwriting expert during business hours."

The court and opposing counsel justifiably relied upon this statement as a stipulation to produce the previously exhibited assignment, for they could have no knowledge of the secret mental process by which petitioner used the word "assignment" to refer to a different document of which they knew nothing. It is true that, so far as is shown, no harm resulted from the substitution by petitioner of the dated for the undated assignment or from his failure to make a full disclosure to the court of the true situation. Even if the undated assignment was first executed, petitioner and Mrs. Sunderland were free to cancel it, and thereafter to enter into a new contract of assignment. The deception indulged on July 25th was not found to constitute a contempt of court nor did it affect the outcome of the case of *Lady* v. *Sunderland.* However, petitioner's destruction without permission of a document which

was produced in response to a subpoena duces tecum and which might or might not have developed to be material evidence in the cause, and his subsequent failure to make a disclosure to the court of what had taken place, constituted conduct on the part of a member of the bar which cannot be condoned. ▉ The fact that no harm resulted and that no damage was done to any one from this conduct cannot avoid disciplinary action. (*Pickering* v. *State Bar,* 24 Cal.2d 141, 145 [148 P.2d 1]; *Utz* v. *State Bar,* 21 Cal.2d 100, 105 [130 P.2d 377].)

▉ It is our conclusion that under the circumstances petitioner should be disciplined by a public reprimand and this opinion shall constitute such reprimand.

CARTER, J.—I dissent. In view of the fact that the trial court gave petitioner a ''clean bill of health'' on his conduct in the case of *Lady* v. *Sunderland,* I am disposed to accept its determination and vote for a dismissal of the disciplinary proceeding instituted by The State Bar against him. To hold otherwise would require us to give effect to a determination of The State Bar adverse to that of the superior court based upon the same factual situation. While it may be permissible for us to so decide, I am of the view that since the superior court is the tribunal created by the Constitution for the determination of issues of fact in judicial proceedings, its determination of such issues should be accepted by this court in preference to that of an administrative agency which is not invested with judicial power. The superior court in purging petitioner of contempt, in effect, determined that petitioner did not intend to deceive or mislead the court when he failed to disclose that he had destroyed the undated assignment. Since this is the only issue upon which the majority opinion predicates its conclusion that petitioner should be disciplined, I am compelled to dissent therefrom.

In my opinion the proceeding against the petitioner should be dismissed.

EDMONDS, J.—My associates state that the petitioner's destruction of a document and his subsequent failure to disclose such fact to the court justifies disciplinary action. The local administrative committee recommended that the petitioner be suspended from the practice of law for the period of one year, one member joining in the findings with the state-

ment that, in his opinion, "a greater measure of discipline is required." The Board of Governors recommended suspension for three months. Considering all of the circumstances of the case, in my opinion that conclusion, although characterized as too severe by one of the eleven governors voting, goes as far on the side of leniency as the evidence warrants if any discipline is to be imposed.

Petitioner's application for a modification of opinion was denied July 24, 1946.